CITY OF HOUSTON, Appellant,

v.

G. Lynwood HOWARD, Appellee.

No. B14–88–818–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 18, 1990.

Rehearing Denied March 8, 1990.

Robert L. Cambrice, Houston, for appellant.

Van Gardner, Randall D. Wilkins, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

SEARS, Justice.

G. Lynwood Howard, appellee, sued the City of Houston for personal injuries sustained when he fell off a ladder at Sam Houston Coliseum. After a jury trial, the trial court awarded Howard $316,526.53 in damages. The city appeals claiming, in seventeen points of error, that the issue inquiring about the city's negligence was not supported by sufficient pleadings or proof, that the evidence was legally and factually insufficient to support the jury's findings of proximate cause and damages, and that the jury's failure to find contributory negligence was against the great weight and preponderance of the evidence. We affirm.

On September 8, 1984, Lynwood Howard was raising a curtain at the Sam Houston Coliseum to prepare for a show sponsored by KYOK radio. To raise the curtain, Howard stood on a six foot ladder and used a winch-type device called a "come-along." When the curtain was raised approximately six to eight feet, the come-along broke and Howard fell to the floor, injuring his back. Howard subsequently filed suit against the city alleging it failed to provide a safe working environment, failed to supply reasonably safe equipment, failed to inspect or maintain the come-along, failed to warn of any defect in the come-along and failed to instruct Howard how to use the come-along. The jury found that the city's negligence proximately caused Howard's injury.

In its first and seventh points of error the city claims the pleadings and the evidence do not support the submission of issue number one. Issue number one inquired whether the city was negligent in failing to maintain or inspect the come-along, in failing to have a maintenance program regarding the come-along, and in failing to provide Howard with a safe come-along or warn of any defect in the come-along provided by the city for use in moving the curtain.

The city first argues that Howard did not plead any legal principle that imposed a duty on the city to perform those acts described in issue number one. A petition is sufficient if it gives fair and adequate notice of the facts on which the pleader bases his claim. TEX.R.CIV.P. 45. The purpose of the fair notice requirement is to give the opponent information sufficient to prepare his defense. *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982).

A pleading may fail to give fair notice because of ambiguous language which does not clearly convey the pleader's contentions, or because its allegations, though clearly expressed, may mislead the opponent concerning the theory on which the pleader proposes to rely. 2 McDONALD, TEXAS CIVIL PRACTICE pp. 14–16 (Rev.1970). In determining whether the pleadings give fair notice, we will consider first, the intent of the rules to eliminate technicality and to simplify pleading; and second, the impossibility of a fair trial unless both parties are aware of the basic controversy to be settled. The test of fair notice is whether an opposing attorney of reasonable competence, with the pleadings before him, can determine the nature of the controversy and the testimony probably relevant. *Schley v. Structural Metals, Inc.*, 595 S.W.2d 572, 587 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.). Also, the city did not except to Howard's pleading. In the absence of a special exception, the trial court will construe the pleading in the pleader's favor. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex.1977).

Howard's pleading centers on a dangerous condition allegedly created and maintained by the city by its failure to inspect and maintain the come-along and its failure to provide Howard a safe workplace or warn him of any potential defects in the come-along. Howard alleged the city was negligent in its failure to perform those acts. Any reasonable attorney is charged with knowledge that the elements of a negligence cause of action are duty, breach of duty, proximate cause and damage. *See Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex.1984). Because, in this case, the existence of a duty owed by the city depended on whether the city maintained con-

trol over the union workers, the city's attorney was adequately and fairly put on notice that he would have to prepare a defense on the control issue. The pleadings support the submission of issue number one.

The city also asserts that the evidence was legally insufficient to support the submission of issue number one. In determining a no evidence point, we are to consider only the evidence and inferences that tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Sherman v. First National Bank*, 760 S.W.2d 240 (Tex.1988). If there is any evidence of probative force to support the finding of the jury, we must overrule the point and uphold the finding. *See In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951).

■ Where the activity is under the control of the contractor and the danger arises out of the employee's performance of the task, the responsibility for performing or conducting a task in a safe manner rests with the contractor, and not the premises owner. *Abalos v. Oil Development Co. of Texas*, 544 S.W.2d 627, 631 (Tex. 1976). However, the premises owner may be liable when he retains the right to control some part of the independent contractor's work, but fails to exercise the retained control with reasonable care. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985). Control, or the right to control, must rest with the landowner for the injured party to recover. *Exxon Corp. v. Quinn*, 726 S.W.2d 17, 19 (Tex.1987).

■ At trial, Bill Flanigan, the house stagehand at Sam Houston Coliseum, testified that he considered the part-time employees who came in through the union to be working under him at the coliseum. That is some evidence that the city retained the right of control over the workplace.

■ Further, the court submitted no issue on the extent of the city's control over the workplace. When some, but not all, of a cluster of issues necessary to sustain a ground of recovery are given and answered by the jury, without objection or request,

the trial court may make written findings on omitted issues raised by the evidence. TEX.R.CIV.P. 279. If no written findings are made, the omitted issues are deemed to have been found by the court in such a manner to support the judgment. *Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 179 (Tex.1981). Since there are no findings of fact by the court in this case, the court is deemed to have found that the city exercised some control over the workplace. *See Phelan v. Lopez*, 701 S.W.2d 327, 331 (Tex.App.—Beaumont 1985, writ dism'd by agr.).

■ We also find sufficient evidence to support the jury's finding of negligence. Mr. Kenneth Ashworth, event coordinator for the coliseum, testified that he told Flanigan exactly what equipment the stagehands would use. Flanigan testified that he had worked at the coliseum for fifteen years. He testified the come-along was there when he first came to work for the city and that he had never inspected the come-along to see if the safety pin was in place. Further, the city never established an inspection or maintenance program for any of the winches at the coliseum. We find that this evidence, when considered with the other evidence in the case, is sufficient to support a finding of negligence. Points of error one and seven are overruled.

In points two through six and eight through ten the city claims the evidence was legally and factually insufficient to support the jury's finding that the city's negligence proximately caused Howard's injury. An assertion that the evidence is insufficient to support a finding of fact can mean that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). Therefore, we must consider all of the evidence in making this determination. *Id.*

■ Proximate cause is composed of cause in fact and foreseeability. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). In meeting the

first element, Howard had to prove that, but for the negligence of the city, the accident would not have occurred. Howard testified that he fell from the ladder because the come-along broke into two pieces. Other witnesses testified that the come-along broke because it did not contain a safety pin to prevent the nut, which held the come-along together, from twisting off. Testimony also shows that, if the city's employees had regularly inspected and maintained the come-along, they would have discovered the absence of the safety pin.

The city argues that the pin could have broken while Howard was using the come-along. The evidence shows that four men looked for the pin after the accident, but were unable to find it or any piece of it. Therefore, the evidence is sufficient to show that, but for the city's failure to maintain or inspect the come-along, the accident would not have happened.

Second, Howard had to establish foreseeability, that is, whether the employees of the city, as persons of ordinary intelligence, should have anticipated the danger to others created by their negligence. *See McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 902 (Tex.1980). We find sufficient evidence that the city employees could have reasonably foreseen that Howard's injury, or some similar injury, could result from the negligent failure to inspect or maintain the come-along. Points two through six and eight through ten are overruled.

▆▆▆▆ In points eleven through thirteen the city claims the jury's failure to find that Howard was contributorily negligent is against the great weight of the evidence. In advancing its argument the city relies on the simple tool rule. That rule relieves an employer of the duty to inspect a tool if that tool is committed to the exclusive control and care of the employee, and is of such a character that the employee who handles it should be fully acquainted with its condition. *Gulf, C. & S.F.R. Co. v. Larkin*, 98 Tex. 225, 82 S.W. 1026, 1028 (1904). In this case, the come-along was not committed to the exclusive

control and care of Howard; it was kept in a box for the exclusive purpose of moving the curtain and it remained in the coliseum at all times. Therefore, the simple tool rule does not apply.

▆▆▆ The city also argues that Howard was using the ladder incorrectly because he was "perched" on top of it. When Howard was using the come-along he was standing on a six foot ladder. The ladder was an A-frame ladder, but was leaning against a wall instead of free standing. To raise the curtain, Howard had to stand with his back against the ladder and his feet facing away from it. Because he was standing in this position, his buttocks rested on the top step of the ladder. When the city's attorney accused Howard of sitting on top of the ladder, Howard described how he was positioned and said it was as if he was "perched" on the ladder. From that testimony, the city attempts to show that the jury's failure to find contributory negligence was against the great weight of the evidence. However, Howard and Joe Aguilar testified that the only way to raise the curtain was to stand on the ladder as Howard was standing. We do not find that the jury's answers were so against the great weight of the evidence as to be manifestly unjust. Points eleven through thirteen are overruled.

In points fourteen through seventeen the city challenges the legal and factual sufficiency of the evidence to support the jury's finding of damages. The jury found $261,-000 in damages for past and future physical pain and mental anguish, past and future physical impairment, and past and future earnings loss.

▆▆▆ In personal injury cases the jury has discretion over the amount of damages. *Northwest Mall, Inc. v. Lubri–Lon International*, 681 S.W.2d 797, 804 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). We will not disturb the jury's findings in the absence of a clear showing of passion, bias, or prejudice in the award of damages. *See Country Roads, Inc. v. Witt*, 737 S.W.2d 362, 365 (Tex.App.—Houston [14th Dist.] 1987, no writ). With regard to the impairment of earning capacity, a plaintiff

must introduce evidence from which a jury may reasonably measure, in monetary terms, his earning capacity prior to the injury. *King v. Skelly*, 452 S.W.2d 691, 693 (Tex.1970). We must review whether there is any evidence that would indicate either the amount of Howard's earnings or a monetary measure of his earning capacity prior to injury. *Id.*

Howard testified that he earned approximately $20,000 the year before the accident. A stagehand with Howard's seniority and skills would have been making a minimum of $25,000 to $30,000 per year in 1983 and 1984. The hourly scale in September 1984 was $11.75 to $12.00 per hour. Howard was unable to work from the date of the accident until he returned to work in October 1985. Howard testified that an experienced stagehand could have made $30,000 between September 1984 and September 1985.

At the time of trial the range of income for a union stagehand was from $70,000 for a senior person to $18,000 for younger people with less experience than Howard. If Howard had been able to work off the union board, he could have been making at least $30,000 per year. Working light duty, Howard made only $12,000 from October 1987 through March 1988. Joe Aguilar testified that he made $32,000 in 1987 working as a stagehand. The union scale at the time of trial was $14.25 per hour.

Dr. Donald Lazarz, Howard's treating physician, testified that Howard was fifty percent disabled as a result of his injury in September 1984. Because of the injury, Howard could not pass a pre-employment physical examination. We find this evidence legally and factually sufficient to support the jury's findings on damages. Points fourteen through seventeen are overruled.

The trial court's judgment is affirmed.