**John Rodney PRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–01–00067–CR, 05–01–00068–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 28, 2002.

John G. Tatum, Richardson, for Appellant.

William T. (Bill) Hill, Jr., Karen S. Nelson, Asst. Dist. Atty., Dallas, for State.

Before Justices LAGARDE, O'NEILL, and FRANCIS.

**OPINION**

O'NEILL, Justice.

John Rodney Price appeals his convictions for aggravated assault and murder. A jury found appellant guilty of both offenses, and appellant entered into an agreement concerning sentencing; the agreement included a waiver of the right to appeal. The trial court assessed punishment in accordance with the terms of the agreement: twenty-three years' confinement for the murder and twenty years' confinement for the assault. Nonetheless, appellant brings five points of error to this Court, complaining of the denial of his requested charge on the lesser-included offense of manslaughter and arguing the

evidence was legally and factually insufficient to support the jury's verdict on both offenses. We dismiss both appeals for want of jurisdiction.

A defendant in a noncapital case may waive any right secured him by law. *Blanco v. State,* 18 S.W.3d 218, 219 (Tex. Crim.App.2000). When a defendant has bargained for a sentencing recommendation from the prosecution in exchange for his waiver of the right to appeal, there is no compelling reason why he should not be held to his bargain. *Id.* at 220.

The record contains a written waiver of the right to appeal in each of appellant's cases. These documents were signed by appellant, his attorney, and the trial judge, and they recite that appellant's bargain required him to agree to give up his right to appeal. The documents further recite that the trial court followed the terms of the bargain and did not assess a punishment greater than that allowed by the bargain. Finally, the documents emphasize that appellant "EXPRESSLY GIVES UP HIS RIGHT TO APPEAL." Appellant testified in response to questions from the trial court and his attorney that he understood he was waiving his right to appeal when he accepted the agreement and that he made that decision freely and voluntarily. The trial court concluded on the record that the waiver was indeed freely and voluntarily made.

Appellant makes a number of arguments attempting to establish his waiver was either revoked or limited somehow; none of these arguments includes discussion or citation to authority. An argument that fails to cite authority presents nothing for review. *See Salazar v. State,* 38 S.W.3d 141, 147 (Tex.Crim.App.2001). Appellant does cite to *Ex parte Thomas,* 545 S.W.2d 469 (Tex.Crim.App.1977), for the proposition that he must have received a "full understanding of his right to appeal"

as well as "admonish[ments] of the advantages and disadvantages of the waiver process" to effectuate a knowing waiver. The *Blanco* court specifically addressed *Thomas,* concluding that a waiver of the right to appeal is appropriately made in connection with a sentencing recommendation so long as the defendant is fully aware of the likely consequences of the waiver. *See Blanco,* 18 S.W.3d at 220. It is undisputed that appellant was aware of the sentences he was to receive by virtue of the agreement and that the trial court in fact imposed the sentences on which the parties had agreed. There is no evidence in the record suggesting any unfairness in securing the agreement between the State and appellant. Therefore, we conclude appellant executed valid waivers of his right to appeal these cases. *See id.*

Appellant knowingly and intelligently waived his right to appeal, and he does not claim his waiver of that right was either coerced or involuntary. As a result, his notice of appeal could not effectively initiate the appellate process. *See Perez v. State,* 989 S.W.2d 427, 428 (Tex.App.-Dallas 1999, no pet.). Accordingly, we dismiss these appeals for want of jurisdiction.