**A.O. SMITH, et al., Appellants,**

v.

**John ADAIR, et al., Appellees.**

No. 06–02–00163–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 23, 2003.

Decided Jan. 24, 2003.

Rehearing Overruled Feb. 11, 2003.

C. Patrick Waites, Strong, Pipkin, Bissell & Ledyard, LLP, Houston, for appellants.

Bruce A. Craig, David C. Carlile, D. Scott Carlile, The Carlile Law Firm, LLP, Marshall, for appellees.

Before ROSS, CARTER, and GRANT,* JJ.

## OPINION

Opinion by Justice ROSS.

A.O. Smith appeals from an order which found that permissive joinder had been established as to "Group C" plaintiffs and

---

* Ben Z. Grant, Justice, Retired, Sitting by Assignment.

denied his motions to transfer venue as to that group of plaintiffs. The order was signed July 25, 2002. An agreed order was entered pursuant to Tex.R. Civ. P. 306a October 2, which stated that those parties or their representatives first received or acquired knowledge of the order September 17, 2002. Thereafter, Smith filed his notice of interlocutory appeal as allowed by Tex. Civ. Prac. & Rem.Code Ann. § 15.003(c) (Vernon 2002) September 30, within the mandatory twenty-day time period.

The first question raised is whether this Court has jurisdiction over this appeal. John Adair and others, appellees, have filed a motion asking us to dismiss this interlocutory appeal for want of jurisdiction. The appeal was brought by Adair and others from an interlocutory ruling on joinder and intervention, pursuant to Tex. Civ. Prac. & Rem.Code Ann. § 15.003(c). The Legislature has provided that no interlocutory appeal is available from a trial court's determination of a venue question. Tex. Civ. Prac. & Rem.Code Ann. § 15.064(a) (Vernon 2002). Generally, a party must await a final judgment to appeal a venue ruling. Tex. Civ. Prac. & Rem.Code Ann. § 15.064(b) (Vernon 2002); *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 95–96 (Tex.2000). In Section 15.003(c), the Legislature established a limited right of interlocutory appeal in a case involving multiple plaintiffs, but only as to issues involving joinder and intervention. Tex. Civ. Prac. & Rem.Code Ann. § 15.003(c); *Elec. Data Sys. Corp. v. Pioneer Elecs. (USA) Inc.*, 68 S.W.3d 254, 257 (Tex.App.-Fort Worth 2002, no pet.).

That section of the Code permits an appeal as follows:

> (c) Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal to the court of appeals district in which the trial court is located under the procedures established for interlocutory appeals. The appeal must be perfected not later than the 20th day after the date the trial court signs the order denying or allowing the intervention or joinder. The court of appeals shall:
>
> (1) determine whether the joinder or intervention is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard; and
>
> (2) render its decision not later than the 120th day after the date the appeal is perfected by the complaining party.

Tex. Civ. Prac. & Rem.Code Ann. § 15.003(c).

The trial court signed its order on joinder/intervention July 25, 2002. Smith filed his notice of appeal September 27, 2002 (and an amended notice November 12, 2002). Under the statute quoted above, the notice of appeal was due to be filed no later than August 14, 2002. The statute provides no means to extend time for filing beyond the twenty-day time period.

Smith agrees the twenty-day time period applies, but argues that Tex.R. Civ. P. 306a should apply to the implementation of the statute to extend the time for filing a notice of appeal in a situation where the complaining party did not receive notice of the order. Smith also suggests that this is not a matter of first impression and that Rule 306a clearly applies to this statute.

In support of his position, Smith cites *Dayco Prods., Inc. v. Ebrahim*, 10 S.W.3d 80 (Tex.App.-Tyler 1999, no pet.). In that

case, the Tyler court dealt with an order followed by multiple motions for reconsideration which were ultimately overruled by the trial court months later. The Tyler court held that the appeal was necessarily from the original order and that the notice of appeal was untimely. The Tyler court then went on, however, after applying the statute's twenty-day time period (instead of the rule's time period) to say that the filing of a motion for new trial did not extend the appellate timetable. The court relied on TEX.R.APP. P. 28.1, which provides that a motion for new trial does not extend the time for filing an interlocutory appeal, and cited *Iron Mountain Bison Ranch, Inc. v. Easley Trailer Mfg., Inc.*, 964 S.W.2d 762, 763 (Tex.App.-Amarillo 1998, no pet.), for the proposition that an interlocutory appeal is considered as an accelerated appeal under Rule 28.1. Rule 28.1 is written in general terms. It states that an appeal from an interlocutory order, when allowed, will be accelerated and that filing a motion for new trial will not extend the time to perfect the appeal.

Smith argues that this holding shows the Tyler court treated the statute as not the complete controlling authority on appeals and that we should therefore also combine the application of the statute with the Rules of Appellate Procedure that control perfection of interlocutory appeals. That is not correct. The Tyler court simply applied the statute without addressing the issue, which apparently was not before them in that case.

In *O'Quinn v. Hall*, 77 S.W.3d 438, 445–47 (Tex.App.-Corpus Christi 2002, no pet.), the Corpus Christi court also found it unnecessary to address this issue. In *O'Quinn*, the court simply treated a Section 15.003(c) appeal in precisely the same fashion as one brought as an interlocutory appeal under the Rules of Appellate Procedure and applied Rule 306a to allow a date for notice or actual knowledge to be used as the operative date in beginning the appeal. Like *Dayco*, the Corpus Christi court applied the statute without addressing the issue.

Appellants direct this Court to *In re D.B.*, 80 S.W.3d 698 (Tex.App.-Dallas 2002, no pet.). That case does not involve the particular statute addressed in this appeal. However, unlike the cases cited above, the analysis of the Dallas court is aimed directly at the problem before us. In *D.B.*, the court reviewed a statute that provided an internal time for appeal, as does this statute. After summarizing several cases that also addressed the application of the Rules of Appellate Procedure in situations where a statute provides its own appellate timetable,[1] the court said:

> Because the deadline for perfecting an appeal from an interlocutory order pur-

---

1. Like TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(f) (Vernon Supp.2003), other statutes that provide for appeals of interlocutory orders also specify the deadline by which the appeal must be perfected. *See, e.g.*, TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon 2002) (in multi-plaintiff suits, appeal of interlocutory venue decision "must be perfected not later than the 20th day after the date the trial court signs the order denying or allowing the intervention or joinder"); TEX. ELEC.CODE ANN. § 232.014(b) (Vernon 1986) (deadline for perfecting accelerated appeal of primary election contest is "not later than the fifth day after the date the district court's judgment in the contest is signed"); TEX. HEALTH & SAFETY CODE ANN. § 81.191(b) (Vernon 2001) (notice of appeal from order for management of person with communicable disease, or from renewal or modification of order, "must be filed not later than the 10th day after the date on which the order is signed"), § 574.070(b) (Vernon 1992) (notice of appeal from an order requiring court-ordered mental health services, or renewing or modifying order, "must be filed not later than the 10th day after the date on which the order is signed"); *In re D.B.*, 80 S.W.3d 698, 702, 703 (Tex.App.-Dallas 2002, no pet.).

suant to section 51.014(d) is specifically stated in section 51.014(f), the deadline and extension for perfecting an appeal in the rules of appellate procedure do not apply.

*D.B.*, 80 S.W.3d at 702.

The cases cited by the Dallas court support this position.

None of these cases, however, are directly on point. *In re D.B.* analyzes a part of the issue before us—which is whether the statutory deadline without provision for extension of time excludes the Rule's deadlines which does provide for extensions—but does not go on to discuss whether other, ancillary rules of procedure should or can apply. *O'Quinn* and *Dayco* both discuss the exact statute before us and apply ancillary rules to the statute. However, the question of whether they *should* apply those ancillary rules was evidently never broached and was not analyzed in either opinion.

The real question before us is whether Section 15.003, a statute that allows an interlocutory appeal but does not contain a comprehensive appellate timetable, functions outside the remaining rules-based framework for appeals.

The Texas Supreme Court has repeatedly stated that the Rules of Civil Procedure have the same force and effect as statutes. *In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex.2001); *Mo. Pac. R.R. Co. v. Cross*, 501 S.W.2d 868, 872 (Tex.1973); *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428, 433 (1959). Thus, it is appropriate to apply the analytical framework supplied by the Legislature in Tex. Gov't Code Ann. § 311.016 (Vernon 1998).

■■■■ It is a fundamental rule of statutory construction that, when two statutes conflict, the specific statute controls over the general. *Howell Aviation Servs. v. Aerial Ads, Inc.*, 29 S.W.3d 321, 323 (Tex.

App.-Dallas 2000, no pet.); *see City of Dallas v. Mitchell*, 870 S.W.2d 21, 23 (Tex. 1994); *see also* Tex. Gov't Code Ann. § 311.026(b) (Vernon 1998). However, when a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Tex. Gov't Code Ann. § 22.004 (Vernon Supp. 2003). *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex.2000). There are problems on both sides of this equation.

On one side, the concept of fairness and equity militate toward applying Rule 306a when a party can legitimately complain it has not received notice of an order on joinder. The statute says we are to consider the case under the procedural rules for interlocutory appeals. However, the notice of appeal must be filed within twenty days, and if it is not timely filed, then we have no jurisdiction over the appeal. The real issue is whether the time to perfect appeal can be extended by lack of notice, even though the parties agree it cannot be extended by any other method.

On the other side, it is clear from the statutory language that the Legislature intended this sort of proceeding to have an exceedingly short fuse. This is most clearly seen by the fact the Legislature not only provided a short fuse for the notice of appeal, but also a 120–day deadline for the court of appeals to render its opinion in the case. The time limitation on this Court, more than anything else, clearly indicates the Legislature's intention to make this type of appeal begin and end in an exceedingly prompt fashion.

We conclude that, although Section 15.003(c) provides the exclusive appellate timetable for bringing an appeal such as this, it does not operate in a vacuum to the exclusion of other rules of procedure. Thus, we find that Tex.R. Civ. P. 306a applies and that the court's finding that

Smith had no notice or knowledge of the order until September 17 provides a proper starting date for the application of the timetables set out by the statute. Accordingly, we find we have jurisdiction over this appeal and now move to the merits.

Smith appeals from the trial court's order allowing joinder of "Group C" plaintiffs to the lawsuit. Smith contends Adair failed to meet the requirements for permissive joinder. Adair takes the position it is a question of standing. The "standing" argument is actually an argument on waiver. Adair contends that, because defendants included no motion to transfer within the initial relief requested from the trial court, the transfer of venue to Harris County requested from this Court has been waived.

■ Adair is correct that the first motions opposing joinder did not simultaneously request transfer to another county. However, as this Court recently recognized in *In re Pepsico, Inc.,* 87 S.W.3d 787 (Tex.App.-Texarkana 2002, orig. proceeding), if the original motion is timely, it may be amended to cure defects if filed before the trial court rules on the original motion. That is the situation that exists here. The amended motions ask for severance and transfer to Harris County.

Adair also contends we should decline to consider the "brief in support of the motion" (to transfer) filed by Smith in the trial court, because it is not really the "motion," but only a "brief." Adair provides no relevant authority on this issue, and TEX.R. CIV. P. 71 requires the Court to look past titles to substance. We need not divide these out as Adair suggests. The content of the documents is the critical factor, and whatever is contained within those documents is accordingly before this Court on appeal.

There are three groups of plaintiffs. Under the language of their petition, "Group A" is a group of plaintiffs who established venue based on their residence in Harrison County. "Group B" is a group of plaintiffs who established venue by exposure to products supplied by Harrison County businesses (the "Harrison County Suppliers"). The "Group C" plaintiffs is the group at issue in this appeal. They claim permissive joinder is proper because they were exposed to the toxic materials by substances sold by the supplier defendants.

Under Section 15.003(c), we review the propriety of permissive joinder under TEX.R. CIV. P. 40 requirements and then analyze the decision under the remaining requirements of the statute. We review the trial court's joinder ruling de novo "on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c)(1); *Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598, 602–03 (Tex. 1999); *O'Quinn,* 77 S.W.3d at 448.

Rule 40 on permissive joinder reads in relevant part as follows:

(a) **Permissive Joinder.** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.... A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.

TEX.R. CIV. P. 40.

■ The plaintiff has the burden of establishing proof of each joinder element. *Surgitek, Bristol–Myers Corp.,* 997 S.W.2d at 602–03.

There are eighty-four "Group C" plaintiffs. Adair does not argue that these plaintiffs have proven venue is proper in Harrison County. Adair relies, instead, on the permissive joinder allowed by TEX.R. CIV. P. 40. As proof, each plaintiff submitted an affidavit to the Court. We have reviewed these affidavits. Many are identical save only for a box that can be checked to indicate at which of three locations the affiant worked.[2] There are also some affidavits that do not contain the "check the box" option, but set out a particular work site. There was no evidence taken, and the trial court's ruling was based solely on those affidavits.

Our review of an interlocutory appeal involving permissive joinder is controlled by the application of TEX. CIV. PRAC. & REM.CODE ANN. § 15.003. If a plaintiff is unable to establish proper venue, he or she may join the suit under permissive venue if, independently of any other plaintiff, he or she establishes:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure [TEX.R. CIV. P. 40];

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; **and**

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a)(1–4) (emphasis added).

When venue facts are specifically denied, as they were in this case, all four elements of Section 15.003(a) must be established by prima facie proof.[3] *Blalock Prescription Ctr., Inc. v. Lopez–Guerra,* 986 S.W.2d 658, 662 (Tex.App.-Corpus Christi 1998, no pet.). The trial court has discretion to allow a broader range of proof in making a Section 15.003(a) joinder determination than it would require in a venue hearing. *Surgitek, Bristol–Myers Corp.,* 997 S.W.2d at 603. Thus, to determine whether the trial court's Section 15.003(a) joinder determination of the "Group C" claims was proper, our de novo review is of the entire record. *Id.*

Although Smith complains Adair failed to prove all four elements under Section 15.003(a), only two of these elements are fairly addressed by the briefs. The first is whether there are common questions of law and fact, and the second is whether there is an essential need to have the person's claim tried in the county in which the suit is pending.

We turn first to review the third element of Section 15.003(a). That section requires Adair to establish an essential need to have his claims tried in the county in which the suit is pending. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a)(3). Any essential need "must be tied to the specific county where the suit is filed." *Am. Home Prods. Corp. v. Bernal,* 5 S.W.3d 344, 348 (Tex.App.-Corpus Christi 1999, no pet.). To meet this requirement, the joining plaintiffs have to satisfy a "very high" burden. *Surgitek, Bristol–Myers Corp.,* 997 S.W.2d at 604

---

**2.** There are some affidavits that contain other, handwritten work locations.

**3.** We acknowledge that the objections do not contain particularly specific attacks on the venue claims. However, we are also confronted with extremely nonspecific venue

facts alleged by the joining plaintiffs. We will not require a defendant to manufacture possible venue problems from speculation, but only to meet the facts as alleged. That was done.

(recognizing language of Section 15.003 makes burden of proving proper joinder "very high"). To prevail, the joining plaintiffs must individually establish it was "indispensably necessary" to try their claims in Harrison County. *Id.*

Moreover, the mere fact that a related suit is already proceeding in a county is insufficient to establish that it is indispensably necessary for the plaintiff seeking joinder or intervention to try his or her claims there. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003; *O'Quinn,* 77 S.W.3d at 451; *Am. Home Prods. Corp.,* 5 S.W.3d at 348. The term "essential need" as used by the statute sets up an extremely high burden which requires each plaintiff seeking joinder to demonstrate there is an "essential need" for his or her claim to be tried in Harrison County. As pointed out by the Texas Supreme Court, the plain language of Section 15.003(a)(3) compels this result: "[the person seeking joinder must establish that] there is an essential need to have the person's claim tried in the county in which the suit is pending." *Surgitek, Bristol Myers Corp.,* 997 S.W.2d at 604.

The Texas Supreme Court analyzed this term as follows:

> Citing a legal dictionary definition of "essential," Surgitek argues that an "essential need" is one that is "indispensably necessary." Another dictionary likewise defines "essential" as "necessary, such that one cannot do without it." We recognize that this burden is very high, but the language of the statute makes it so. Here, the plaintiffs did not establish that it was "indispensably necessary" to try their claims in Bexar County. Because we conclude that the plaintiffs failed to establish this joinder element, we need not consider whether they established the other three.

*Id.*

▮ Based on the form of analysis set out above, the question before this Court is whether these affidavits indicate why these plaintiffs have the required "essential need" to try their cases in Harrison County. Adair's personal affidavit, for instance, states there is a substantial need for his claim to be tried in Harrison County because his lawyers will have to do twice the work and the division of labor would cause him to lose the full attention of his attorneys. Adair also stated he had a substantial need to proceed in Harrison County because his expert witnesses would have to duplicate their efforts, because his witnesses live in Harrison County, and because if this case is tried in two separate venues, the first to finish might cause collateral estoppel to apply.

In response, Smith points out that, as set out above, these are the types of matters the Texas Supreme Court has held inadequate to show a substantial or essential need great enough to meet the high standards required for permissive venue.

The Texas Supreme Court has stated quite clearly on several occasions that the statute means what it says and that the joining plaintiffs must show an "essential need," which it defined as showing that it is "indispensably necessary" to have the joining person's claim tried in the county in which it is pending. Convenience is not equivalent to "essential need." Judicial economy is not equivalent to "essential need." Combining costs is not equivalent to "essential need."

We have found only one post-*Surgitek* case in Texas in which an essential need was found to exist. In *Teco-Westinghouse Motor Co. v. Gonzalez,* 54 S.W.3d 910, 917 (Tex.App.-Corpus Christi 2001, no pet.), the Corpus Christi court found that, when an indispensable witness (who worked in Monterrey, Mexico) could not be available for a trial held away from the state border,

an essential need existed to conduct the trial in Cameron County (the county containing Brownsville and Harlingen).[4]

Adair has not provided any information that would permit this Court to find he has shown an "essential need" to try this case in Harrison County. Because we conclude the plaintiffs failed to establish this joinder element, we need not consider whether they established the other three. Accordingly, we find the requisites of permissive joinder have not been met.

We reverse the order granting permissive joinder and remand the case for trial.

---

**4.** The court also acknowledged that, under *Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598 (Tex.1999), a mere need to pool resources is insufficient. *Teco-Westinghouse Motor Co. v. Gonzalez,* 54 S.W.3d 910, 915 (Tex.App.-Corpus Christi 2001, no pet.).