ACCEPTED
03-14-00671-CV
5041500
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/27/2015 11:54:18 AM
JEFFREY D. KYLE
CLERK

# NO. 03-14-00671-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/27/2015 11:54:18 AM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

**STEPHEN M. DANIELS,**
**Appellant,**

**v.**

**TONY R. BERTOLINO,**
**Appellee.**

On Appeal from the 250th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14-002146

**APPELLANT'S REPLY BRIEF**

Eleanor Ruffner
State Bar No. 24047034
THE LAW OFFICE OF ELEANOR RUFFNER, P.C.
1403 West Sixth Street
Austin, Texas 78703
(512) 913-7576 (telephone)
(512) 681-0800 (facsimile)
eruffnerlaw@gmail.com

COUNSEL FOR APPELLANT

**ORAL ARGUMENT PREVIOUSLY REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...........................................................................................i

INDEX OF AUTHORITIES ................................................................................ iii

REFERENCES .................................................................................................... vii

SUMMARY OF REPLY .........................................................................................1

ARGUMENT ...........................................................................................................3

    A.    THE SUBSTANCE OF THE PLEADINGS CONFIRMS THAT THE JULY PLEADING WAS A SUPPLEMENT TO THE ORIGINAL PETITION. .................3

        1.    The Substance of the Pleading, Not the Name, Controls. ..........3

        2.    There Is No Evidence Either Party Intended the July Pleading to Stand Alone.................................................................................6

        3.    No Objection or Motion in the Trial Court Was Required to Treat the Supplemental Pleading Appropriately. ................................8

    B.    THIS COURT SHOULD REVERSE AND REMAND THE SUMMARY JUDGMENT DESPITE THE ABSENCE OF AN AFFIDAVIT OR A VERIFIED MOTION FOR CONTINUANCE...................................................................................9

    C.    PRIOR TO APPELLEE'S MOTION, THE RECORD CONTAINED SUFFICIENT EVIDENCE TO DEFEAT SUMMARY JUDGMENT.......................................14

        1.    Mr. Daniels's Motion Directed the Court to Documents Already On File.................................................................................14

        2.    Demanding More Would Unreasonably Require Mr. Daniels to Marshal His Evidence Prior to Trial.......................................15

    D.    MR. DANIELS'S REQUEST, IF GRANTED IN THE EVENT OF A PARTIAL REMAND, WOULD MERELY REINFORCE HIS RIGHTS AS A LITIGANT....16

---

CONCLUSION ..................................................................................16

CERTIFICATE OF COMPLIANCE ...................................................18

CERTIFICATE OF SERVICE ............................................................18

# INDEX OF AUTHORITIES

## CASES

*Allen v. Albin*
   97 S.W.3d 655 (Tex. App.—Waco 2002, no pet.) ........................................14

*Casso v. Brand*
   776 S.W.2d 551 (Tex. 1989) ......................................................................11

*City of Houston v. Clear Creek Basin Auth.*
   589 S.W.2d 671 (Tex. 1979) ......................................................................11

*City of Houston v. Howard*
   786 S.W.2d 391 (Tex. App.—Houston [14th Dist.] 1990, writ denied) ..........4

*Clemons v. Tex. Concrete Materials, Ltd.*
   2010 Tex. App. LEXIS 8394, No. 07-09-0032-CV (Tex. App.—Amarillo
   October 19, 2010, no pet.) .........................................................................14

*Coffee v. Johnson*
   143 S.W.3d 414 (Tex. App.—Eastland 2004, no pet.)...................................4

*Flores v. Flores*
   225 S.W.3d 651 (Tex. App.—El Paso 2006, pet. denied)............................10

*Fort Brown Villas III Condo. Ass'n v. Gillenwater*
   285 S.W.3d 879 (Tex. 2009) ......................................................................12

*G&H Towing Co. v. Magee*
   347 S.W.3d 293 (Tex. 2001) ......................................................................11

*Horizon/CMS Healthcare Corp. v. Auld*
   34 S.W.3d 887 (Tex. 2000) .........................................................................4

*In re Fifty-One Gambling Devices*
   298 S.W.3d 768 (Tex. App.—Amarillo 2009, pet. denied) ........................3, 8

*McInnis v. Mallia*
      261 S.W.3d 197 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).........12

*Musgrave v. Owen*
      67 S.W.3d 512 (Tex. App.—Texarkana 2002, no pet.) ...............................16

*Park Place Hosp. v. Estate of Milo*
      909 S.W.2d 508 (Tex. 1995) .....................................................................12

*Rad v. Calbeck*
      No. 03-10-00429-CV, 2011 Tex. App. LEXIS 10240 (Tex. App.—Austin
      December 30, 2011, no pet.)........................................................................10

*Robinson & Harrison Poultry Co., Inc. v. Galvan*
      323 S.W.3d 236 (Tex. App.—Corpus Christi 2010, pet. granted, jdgm't
      vacated by agr.)......................................................................................3, 8

*Schlumberger Well Surveying Corp. v. Nortex Oil and Gas Corp.*
      435 S.W.2d 854 (Tex. 1968) .....................................................................14

*Sixth RMA Partners, L.P. v. Sibley*
      111 S.W.3d 46 (Tex. 2003) .........................................................................6

*Smith v. Adair*
      96 S.W.3d 700 (Tex. App.—Texarkana 2003, pet. denied)...........................3

*Spoljaric v. Percival Tours, Inc.*
      708 S.W.2d 432 (Tex. 1986) .....................................................................14

*State v. $90,235*
      390 S.W.3d 289 (Tex. 2013) .....................................................................12

*State Bar of Texas v. Heard*
      603 S.W.2d 829 (Tex. 1980) ....................................................................3, 8

*TemPay, Inc. v. TNT Concrete & Constr., Inc.*
      37 S.W.3d 517 (Tex. App.—Austin 2001, pet. denied)................................10

*Tenneco Inc. v. Enterprise Prods. Co.*
    925 S.W.2d 640 (Tex. 1996) ........................................................10, 12

*Tex. Dep't of Parks & Wildlife v. Miranda*
    133 S.W.3d 217 (Tex. 2004) ....................................................................11

*Thornbrough v. Columbus & Greenville R.R. Co.*
    760 F.2d 633 (5th Cir. 1985) .................................................................14

*Turner v. Franklin*
    325 S.W.3d 771 (Tex. App.—Dallas 2010, pet. denied) ..............................14

*Wells Fargo Bank, N.A. v. Smuck*
    407 S.W.3d 830 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).......5, 6

*West v. SMG*
    318 S.W.3d 430 (Tex. App.—Houston [1st Dist.] 2010, no pet.)..................10

## STATUTES

TEX. R. CIV. P. 45..................................................................................................4

TEX. R. CIV. P. 47..................................................................................................4

TEX. R. CIV. P. 62..................................................................................................6

TEX. R. CIV. P. 64..................................................................................................4

TEX. R. CIV. P. 68..................................................................................................9

TEX. R. CIV. P. 69..................................................................................................6

TEX. R. CIV. P. 71...............................................................................................3, 8

TEX. R. CIV. P. 90..................................................................................................9

TEX. R. CIV. P. 91 ..................................................................................................9

TEX. R. CIV. P. 166a ............................................................ 1, 10 n.2, 11, 12, 13, 15

## REFERENCES

CR __            Clerk's Record (by page number)

SCR __           Supplemental Clerk's Record (by page number)

Appx.

# SUMMARY OF REPLY

Appellant Stephen M. Daniels files this Reply to respond to some of the points raised in Appellee's Brief. First, Appellee asserts that only the pleading entitled "Plaintiff's Amended Original Petition" filed July 10, 2014 (also called the "July pleading") was live at the time of Appellee's no-evidence summary judgment motion at issue in this appeal. However, the substance of the pleading, not its title, controls whether it is an amended petition that stands alone or a supplemental pleading to be read with the original petition. In this case, the content of the July pleading clearly shows it cannot stand alone as the sole live pleading. Because the original petition asserted alternative theories not addressed in the no-evidence motion, Judge Strauss's "final" judgment was erroneous.

Appellee also contends that Mr. Daniels failed to preserve for appeal the issue of whether adequate time for discovery had passed because he did not file an affidavit or a verified motion contending that additional discovery was required. However, as the specifics of this case illustrate, requiring a non-movant to disprove that adequate time for discovery has passed to defeat a no-evidence summary judgment motion improperly grants a presumption in favor of a movant on an issue of fact that a movant should be required to prove to show itself to be entitled to summary judgment. Rule 166a(i) is by its own terms only available to litigants after

adequate time for discovery has elapsed. Whether adequate time for discovery has elapsed is a fact issue. Placing the burden on the non-movant to disprove that a movant has met this explicit requirement is improper. Mr. Daniels therefore requests that the Court return the burden to the movant to show that he is entitled to the summary judgment he seeks and modifying any existing applicable case law to the contrary.

Finally, for the reasons set forth in Appellant's Brief and Reply, Appellant again requests this Court to overturn the trial court's summary judgment order and remand for further proceedings.

## ARGUMENT

**A. THE SUBSTANCE OF THE PLEADINGS CONFIRMS THAT THE JULY PLEADING WAS A SUPPLEMENT TO THE ORIGINAL PETITION.**

### 1. The Substance of the Pleading, Not the Name, Controls.

Appellee's contention – that the inclusion of the word "amended" in the heading is dispositive as to whether the July pleading is an amended or supplemental petition – is without legal support. On the contrary, Texas law states, "Courts must read a pleading for its content rather than its label." *Robinson & Harrison Poultry Co., Inc. v. Galvan*, 323 S.W.3d 236, 241 (Tex. App.—Corpus Christi 2010, pet. granted, jdgm't vacated by agr.) (holding that appellant's "second and third motions for entry of judgment were not intended to supersede the original motion" and construing them as "supplemental motions to be read in conjunction with its first-filed motion"). In discussing TEX. R. CIV. P. 71, the Texas Supreme Court has specifically directed courts to "look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see also In re Fifty-One Gambling Devices*, 298 s.W.3d 768, 772 (Tex. App.—Amarillo 2009, pet. denied) ("It is the substance of a motion that determines its nature, not merely its title") *and Smith v. Adair*, 96 S.W.3d 700, 705 (Tex. App.—Texarkana 2003, pet. denied) (stating that Rule 71 "requires the court to look past titles to substance" and

confirming that "[t]he content of the documents is the critical factor, and whatever is contained within those documents is accordingly before this Court on appeal").

Looking only at the content of the July pleading, Mr. Daniels clearly intended to supplement, not amend, his original petition. An amended pleading is a substitute for the original pleading, "entire and complete in itself." TEX. R. CIV. P. 64. In Texas, pleadings must, at a minimum, "consist of a statement in plain and concise language of the plaintiff's cause of action" and include "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 45(b) *and* 47(a). A petition must give a defendant fair notice of the facts relied upon, enabling the defendant to prepare a defense. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896-97 (Tex. 2000). The test of fair notice is "whether an opposing attorney of reasonable competence, with the pleadings before him, can determine the nature of the controversy and the testimony that would probably be relevant." *Coffee v. Johnson*, 143 S.W.3d 414, 417 (Tex. App.—Eastland 2004, no pet.) (*citing City of Houston v. Howard*, 786 S.W.2d 391, 393 (Tex. App.—Houston [14th Dist.] 1990, writ denied)).

On its own, the "amended" pleading is clearly insufficient to give Appellee notice of the claims against him. None of the discovery, party identification, service, jurisdictional, venue, factual, legal, or damages allegations are present. *Compare*

CR 21 *and* CR 12-17.  It states no facts whatsoever other than the last three digits of the parties' social security numbers.[1]  CR 21.  Finally, the prayer included with the July pleading is a request that the "Court file this amendment with the Plaintiff's Original Petition."  *Id.*  If this pleading was to stand alone, this prayer has no meaning.  Therefore, absent the inclusion of the word "amended" in the pleading, there is no other basis to conclude that the July pleading is a true amended pleading.

Appellee has provided no authority supporting his application of the rules of procedure and the case law to the facts or to support the conclusion that the July pleading nonsuited claims Mr. Daniels previously asserted.  The sole case that Appellee cites for this issue in his brief is *Wells Fargo Bank, N.A. v. Smuck*, 407 S.W.3d 830 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).  That case was essentially the reverse of this one – a party had filed a pleading entitled "Plaintiffs' Supplemental Petition" that read as an amended original petition, rather than a

---

[1] Appellee – the one to whom the pleadings are supposed to provide notice – recognized that the July pleading had no factual allegations and in fact cited this as a reason that the court should strike the pleading.  *See* App'ee's Brief, p. 15. If Appellee had sought a ruling on this request and the trial court had struck the July pleading, the sole operative pleading would have been the Original Petition, and the alternative theories of recovery would have undoubtedly have been live.  The result would have been the same if Appellee had sought to have the July pleading struck as an improper supplement on the grounds that it was not responsive to a pleading by the other party – it would have left the Original Petition as the sole live pleading, not affirmatively dispose of the claims asserted in the Original Petition.

supplemental one. *Wells Fargo*, 407 S.W.3d at 840. In that case, the Fourteenth Court of Appeals determined that "despite the misnomer, the 'supplemental' petition constituted an operative petition for purposes of pleading claims." *Id.* at 841 (citing *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 54-55 (Tex. 2003) ("though a pleading may be denominated a supplement it may actually constitute an amendment or set up a counter-claim or cross-action, and, if not excepted to but allowed to stay in the case until judgment, may be considered for all that it means instead of what it is called")). Essentially, the court in *Wells Fargo* did exactly what the Mr. Daniels is requesting the Court to do in this case – treat the pleading consistent with its substance.

**2. There Is No Evidence Either Party Intended the July Pleading to Stand Alone.**

Appellee's argument in his brief relies in part on Appellee's interpretation of Mr. Daniels's intent in filing the second pleading. App'ee's Brief at 14 ("Mr. Daniels, by naming his pleading *Plaintiff's Amended Original Petition* demonstrated his intention to 'add something to' and 'withdraw something from' the *Plaintiff's Original Petition* on file.") However, this argument presupposes that Mr. Daniels had these legal definitions in mind when preparing and filing his pleading. That presupposition is unwarranted. The distinction between "amendment" and "supplement" drawn by TEX. R. CIV. P. 62 and 69 is not a distinction carried into

common English. The legal "amendments" with which many non-lawyers may be most familiar are the amendments to the United States Constitution. However, the 27th Amendment, which prevents congressmen from changing their own pay until the next seating of the House of Representatives, did not come to represent the entirety of the U.S. Constitution and the twenty-six prior amendments upon its passage. Given that Mr. Daniels was representing himself *pro se* when he filed his July pleading, it is reasonable that his understanding of an amendment would be consistent with a non-lawyer's understanding of legal amendments, rather than that of the Texas Rules of Civil Procedure.

Moreover, as noted in Appellant's brief at pp. 12-13, both Mr. Daniels and Appellee continued their motion practice after the hearing and the judge's letter order, but before the order giving rise to this appeal. CR 55-61. Plaintiff had filed a traditional motion for summary judgment on February 12, 2014, on his claims as set out in his Original Petition. CR 6-11. Mr. Daniels set this motion for hearing on August 18, 2014 and served notice of the hearing on Appellee on July 14, 2014, four days after filing his "amended" petition. CR 24. At this time, if Mr. Daniels had intended to nonsuit the causes of action asserted in his original petition, or had effectively nonsuited those causes of action, the motion for summary judgment would be moot. Nonetheless, the day after the letter order was filed, and three days

after it was signed and sent to Appellee and Mr. Daniels, Appellee executed an affidavit and filed a response to Mr. Daniels's Motion for Summary Judgment. CR 54; CR 55-61. Neither party indicated by their conduct that they believed that the no-evidence motion ended the case in its entirety. As such, the Original Petition was merely supplemented, not supplanted, and the purported final judgment was in error.

### 3. No Objection or Motion in the Trial Court Was Required to Treat the Supplemental Pleading Appropriately.

Appellee suggests that because Mr. Daniels never raised the misnomer issue to the trial court or obtained a ruling, he may not assert this grounds to the appellate court. App'ee's Brief, p. 15. However, TEX. R. CIV. P. 71 does not require a motion or ruling but simply instructs the court on how to treat the pleading. The cases cited in Section A.1 above all concerned pleadings that had not been clarified through special exceptions or otherwise in the lower court but nonetheless were treated in accordance with their substance, not their title. *See, e.g., State Bar of Texas*, 603 S.W.2d at 833; *Smith*, 96 S.W.3d at 705; *Fifty-One Gambling Devices*, 298 S.W.3d at 772; *and Robinson & Harrison Poultry Co., Inc.*, 323 S.W.3d at 241. Because Rule 71 and the Texas Supreme Court have dictated that content controls, not titles, Mr. Daniels was not required to move the court to follow the guidance of the Texas Supreme Court and the Texas Rules of Civil Procedure. Determination of this issues

is therefore not precluded by the absence of a particular objection or motion in the trial court.

On the contrary, if Appellee preferred his interpretation to govern the pleadings, he could have sought a ruling on special exceptions pursuant to TEX. R. CIV. P. 91 or request a repleader pursuant to TEX. R. CIV. P. 68. Appellant did neither. Therefore, to the extent that he contends that a disparity in title and content constitutes a defect in Mr. Daniels's pleadings, any such defect is waived. TEX. R. CIV. P. 90 ("Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge . . . shall be deemed to have been waived"). Mr. Daniels therefore respectfully requests that this Court treat the July pleading consistent with its content – that is, as a supplemental pleading – and reverse the erroneous final ruling of the trial court.

**B. THE COURT SHOULD REVERSE AND REMAND THE SUMMARY JUDGMENT DESPITE THE ABSENCE OF AN AFFIDAVIT OR VERIFIED MOTION FOR CONTINUANCE.**

Appellee contends that because Mr. Daniels did not file an affidavit explaining the need for further discovery or a verified motion for continuance, Mr.

Daniels failed to preserve this issue for appeal. Appellee is correct[2] that some cases have held that to preserve on appeal the argument that inadequate time for discovery has elapsed, a party must file either an affidavit explaining the need for further discovery or a verified motion for continuance. App'ee's Brief, p. 16; *see also TemPay, Inc. v. TNT Concrete & Constr., Inc.*, 37 S.W.3d 517, 520-21 (Tex. App.—Austin 2001, pet. denied) (*citing Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996)); *and Rad v. Calbeck*, No. 03-10-00429-CV, 2011 Tex. App. LEXIS 10240 *13 (Tex. App.—Austin December 30, 2011, no pet.) (*citing Tenneco Inc.*, 925 S.W.2d at 647, *West v. SMG*, 318 S.W.3d 430, 433 (Tex. App.—Houston [1st Dist.] 2010, no pet.) *and Flores v. Flores*, 225 S.W.3d 651, 654-55 (Tex. App.—El Paso 2006, pet. denied)). Appellee is further correct that Mr. Daniels did neither.[3]

---

[2] Although Appellee's statement of law on this point is basically correct in his brief, the case law he cites is not directly on point because it addresses traditional motions under TEX. R. CIV. P. 166a(b) and (c), not no-evidence summary judgment motions under TEX. R. CIV. P. 166a(i). As explained more fully in the body of this Reply, this distinction is important because no-evidence summary judgments are limited by the requirement that an adequate time for discovery has passed, whereas traditional summary judgments are not so limited.

[3] Although Mr. Daniels did not include an affidavit describing the need for additional discovery, nor did he file a verified motion for continuance, he did point out in his response that discovery was not complete – in part because the case had been on file in Travis County less than two months before Appellee's motion, and because Appellee had not responded to discovery requests. CR 49.

However, the Court should eliminate this requirement as it applies to no-evidence summary judgment. Traditional summary judgments are not constrained by the requirement that an adequate time for discovery must have elapsed, but no-evidence motions are (or should be). *Compare* TEX. R. CIV. P. 166a(a), (b), *and* (c) *with* 166a(i). Traditional summary judgments motions are available to parties early in litigation when there is no genuine issue of fact that justifies the continuation of the litigation or to eliminate patently unmeritorious claims and untenable defenses. *See, e.g., Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 296-97 (Tex. 2001); *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989); *and City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979). The traditional summary judgment motion, among other uses, allows the parties to avoid the expense of discovery in suits involving claims that, for one reason or another, are destined to fail.

The newer no-evidence motion, on the other hand, is distinct in that it permits summary judgment in cases in which a genuine issue of fact, a meritorious claim, or a tenable defense is implicated; however, summary judgment is appropriate because after discovery has occurred, no admissible evidence exists to support the issue, claim, or defense. By its very terms, the no-evidence motion is available only after an adequate time for discovery. TEX. R. CIV. P. 166a(i). Although the rule is

somewhat vague regarding what is considered "adequate," most courts have interpreted this to mean after the discovery period. *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009); *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *see also* TEX. R. CIV. P. 166a(i) cmt.

This distinction is important because a party moving for summary judgment traditionally bears the burden of showing that he is entitled to the judgment. *See, e.g., State v. $90,235*, 390 S.W.3d 289, 292 (Tex. 2013) ("A party moving for traditional summary judgment has the burden to prove . . . it is entitled to judgment as a matter of law. The nonmovant has no burden to respond or present evidence regarding the motion until the movant has carried its burden"); *see also Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995) ("In reviewing a summary judgment, we must accept as true evidence favoring [the plaintiff], indulging every reasonable inference and resolving all doubts in [the plaintiff's] favor."). The case law requiring a verified motion for continuance or affidavits arises out of TEX. R. CIV. P. 166a(g), which predates the inclusion of TEX. R. CIV. P. 166a(i) in 1997. *See, e.g., Tenneco Inc.*, 925 S.W.2d at 647. In traditional summary judgments, then, if a nonmovant contended that the motion was premature, the nonmovant bore the responsibility of showing why.

However, a party moving for no-evidence summary judgment is only entitled to summary judgment if the requirements of Rule 166a(i) are satisfied – including the explicit requirement that an adequate time for discovery has passed. By placing the burden on the non-movant to show what additional discovery is needed, a party moving for summary judgment effectively shifts to the non-movant the requirement to show why summary judgment is improper without doing anything more than merely filing a motion. This construction of the rules is diametrically opposed to the philosophy underlying traditional summary judgment and no longer affords the non-movant any indulgence or resolution of doubt in his favor, nor does it prevent a nonmovant from having the burden of a response until the movant carried his burden to show his entitlement to summary judgment. Rather, it effectively creates a presumption in favor of the movant that adequate time for discovery has elapsed. For this reason, the extension of the requirements of Rule 166a(g) to motions under Rule 166a(i) is inconsistent with the plain language of Rule 166a(i). Mr. Daniels therefore asks this Court to confirm that parties seeking summary judgment, including no-evidence summary judgment, bear the burden to show that they are entitled to such judgment before the nonmovant is required to respond or present evidence.

**C.** **PRIOR TO APPELLEE'S MOTION, THE RECORD CONTAINED SUFFICIENT EVIDENCE TO DEFEAT SUMMARY JUDGMENT.**

**1.** **Mr. Daniels's Response Directed the Court to the Documents Already on File.**

Appellee contends that the evidence on file cannot show Appellee's knowledge or prove that Appellee withheld information, which is required under the DTPA. As noted in Appellant's Brief, investigation in to Appellee's intent and knowledge requires only slight circumstantial evidence and is usually inappropriate for summary judgment. *See, e.g., Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986); *Schlumberger Well Surveying Corp. v. Nortex Oil and Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1968); *Allen v. Albin*, 97 S.W.3d 655, 664-65 (Tex. App.—Waco 2002, no pet.); *Clemons v. Tex. Concrete Materials, Ltd.*, 2010 Tex. App. LEXIS 8394, No. 07-09-0032-CV, *12 (Tex. App.—Amarillo October 19, 2010, no pet.) (citing *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 640 (5th Cir. 1985)); *and Turner v. Franklin*, 325 S.W.3d 771, 782-83 (Tex. App.—Dallas 2010, pet. denied). Direct evidence, such as a defendant's statement under oath that he in fact withheld information and intended to defraud a plaintiff, is rare.

The evidence identified in the record in Appellant's Brief in Section C constitutes at least slight circumstantial evidence. Together with the affidavit of Mr.

Davis[4], either Appellee knew that Mr. Daniels's case was hopeless and took his money anyway, or he advised Mr. Daniels that he had knowledge and expertise that he later showed himself to lack. In either case, more than a scintilla of evidence supports Mr. Daniels's claims.

### 2. Demanding More Would Unreasonably Require Mr. Daniels to Marshal His Evidence Prior to Trial.

Appellee also takes issue with Mr. Daniels's response to his no-evidence motion on the grounds that it should have more fully marshaled his evidence. However, Mr. Daniels was not required to marshal his proof; his response "need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt. Mr. Daniels's response met this minimum requirement by directing the court's attention to his previously filed documents and particularly the affidavit of Mr. Davis. Even if the summary judgment motion was otherwise proper

---

[4] Appellee states that Mr. Davis's affidavit is substantively defective because it contains unsubstantiated factual and legal conclusions and opinions. Mr. Davis has four decades of experience defending professional liability lawsuits and is qualified to speak to the knowledge that an attorney advertising himself for representation in legal malpractice claims should have, as well as the applicable standards of professional conduct. Moreover, as opposing counsel in the suit in which Appellee represented Mr. Daniels, he has first-hand knowledge of Appellee's conduct throughout that litigation and is competent to provide testimony on that subject.

– which it was not for the reasons identified in Section B of this Reply and Section B of Appellant's Brief – Mr. Daniels's response was adequate to defeat the motion.

**D.    MR. DANIELS'S REQUEST, IF GRANTED IN THE EVENT OF A PARTIAL REMAND, WOULD MERELY REINFORCE HIS RIGHTS AS A LITIGANT.**

Appellee contends that res judicata would preclude Mr. Daniels from filing additional DTPA claims this appeal is reversed and remanded but the summary judgment ruling remains intact.  Res judicata applies only to claims that arise from the same transaction and are based on the same "nucleus of operative facts." *Musgrave v. Owen*, 67 S.W.3d 512, 519 (Tex. App.—Texarkana 2002, no pet.).  The fact that a claim may fall under the DTPA does not necessarily mean that the operative facts are identical.  If the court had entered a non-final (and therefore not erroneous) summary judgment, Mr. Daniels would have remained free to amend his pleadings as the litigation progressed and discovery developed.  Mr. Daniels is therefore only requesting that this Court specifically secure to him the rights to which he is entitled as a Texas litigant.

## CONCLUSION

For the foregoing reasons, and for the reasons identified and discussed in Appellant's Brief, Appellant Stephen M. Daniels asks the Court to reverse the grant of summary judgment in favor of Appellee Bertolino and remand this matter for proper determination on the merits.  At a minimum, Mr. Daniels's non-DTPA

claims, which were not challenged by Bertolino's motion, must be remanded. Additionally, the DTPA claims should also be remanded because the motion was filed well before adequate time for discovery had passed and because more than a scintilla of evidence existed in the record on each of the elements challenged by Bertolino.

Dated: April 27, 2015

Respectfully submitted,

THE LAW OFFICE OF ELEANOR RUFFNER, P.C.
1403 West Sixth Street
Austin, Texas  78703
(512) 913-7576
(512) 681-0800 (fax)

By:     /s/ Eleanor Ruffner
        Eleanor Ruffner
        State Bar No. 24047034
        eruffnerlaw@gmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this brief contains 4,744 words. This is a computer generated document created in Microsoft Word, using 14 point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2015, I served a copy of the foregoing document on counsel of record via email and/or E-File Texas as follows:

Tony Bertolino (tbertolino@belolaw.com)
Hiba Kazim (hkazim@belolaw.com)
BERTOLINO LLP
823 Congress Avenue, Suite 704
Austin, Texas 78701

/s/ Eleanor Ruffner
Eleanor Ruffner