CITY OF HOUSTON and John Pittman Norris,
Appellants,

v.

Lois **FLANIKEN**, Appellee.

No. 14–02–01210–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 5, 2003.

Thomas Rodriguez, Andrea Chan, Houston, for appellants.

Harry C. Arthur, Steven S. Reilley, Houston, for appellee.

Panel consists of Chief Justice SCOTT BRISTER and Justices FOWLER and EDELMAN.

## OPINION

SCOTT BRISTER, Chief Justice.

The City of Houston and its employee, John Norris, file this interlocutory appeal from the trial court's denial of their motion for summary judgment asserting immunity in Lois Flaniken's traffic collision suit. Flaniken claimed immunity was waived by the Texas Tort Claims Act, as she alleged Norris operated a city ambulance negligently. *See* TEX. CIV. PRAC. & REM.CODE § 101.021(1). We have jurisdiction on this interlocutory appeal of that part of the motion for summary judgment based on official immunity. *See Id.* § 51.014(5); *City of Houston v. Kilburn,* 849 S.W.2d 810, 811–12 (Tex.1993) (per curiam).

In response to an emergency call from a fire unit, Norris was driving an ambulance with its lights and siren on, when he passed a car driven by Freddie Dillingham in which Flaniken was a passenger. After passing them, Norris turned at the next corner, and after discovering a mix-up in addresses and seeing a firefighter motioning to them from an alley, began to back up. Meanwhile, Dillingham had also turned, and came to a stop behind the ambulance. A collision ensued, in which Flaniken claims she received injuries to her back, knee, and shoulder.

It is disputed whether the ambulance still had its emergency lights on as it began to back up, and whether Dillingham tried to pass it as it was. It is undisputed the ambulance's back-up warning signal was beeping, and that Dillingham was less than 500 feet away from the ambulance. *See* TEX. TRANSP. CODE § 545.407(b) (prohibiting drivers from following within 500 feet of ambulance with lights flashing, or from driving or parking in a manner intended to interfere with ambulance's movement).

We review the denial of a motion for summary judgment by the same standards as a grant of summary judgment. *See Dolcefino v. Randolph,* 19 S.W.3d 906, 916 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Denial was proper if, viewing the evidence in the light most favorable to Flaniken, there was a genuine issue of material fact and appellants failed to es-

tablish entitlement to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Wal–Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.2002).

 Government employees are entitled to official immunity from suit arising from (1) the performance of their discretionary duties (2) in good faith (3) that are within the scope of their authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). It is undisputed Norris was acting in the course and scope of his duties as a government employee. The evidence also establishes as a matter of law that Norris was conducting a discretionary duty at the time of the collision, as operation of an emergency vehicle in an emergency situation is a discretionary duty. *See, e.g., Rivas v. City of Houston,* 17 S.W.3d 23, 29 (Tex.App.-Houston [14th Dist.] 2000, pet. denied), *rehearing denied,* 19 S.W.3d 901 (pet. denied).[1]

 As to the last element, an officer acts in good faith in a particular case if a reasonably prudent officer, under the same or similar circumstances, could have reasonably believed the need to undertake the action outweighed a risk of harm to the public resulting from the action. *See Chambers,* 883 S.W.2d at 656. This includes an assessment of both the *need* to which an officer responds and the *risks* of the officer's course of action. *See Wadewitz v. Montgomery,* 951 S.W.2d 464, 467 (Tex. 1997).

In this case, Norris's testimony that the ambulance was responding to a medical emergency is uncontroverted. And although there is always risk in backing up a vehicle, there was no evidence that this was done at an unsafe speed; the risk in this case was much less than that involved in a high speed chase or running traffic signals. Moreover, Norris had just driven down the same street immediately before backing up, and thus was not driving into an unknown situation. Finally, it was uncontroverted that Dillingham stopped his vehicle immediately behind the ambulance, well within the 500–foot clearance required by law in emergency situations.

In support of their motion, appellants attached an expert's affidavit from Houston Assistant Fire Chief Michael Ivy, who concluded that all paramedics would have responded in the same or similar manner, and Norris's actions were prudent and reasonable in light of his need to arrive at the scene and the limited potential risk to the public involved in this case. In response, Flaniken filed several deposition transcripts but did not include an expert affidavit.

Accordingly, we find the trial court erred in denying the motion for summary judgment based on official immunity. Because the summary judgment proof demonstrates Norris was immune as a matter of law, the City's governmental immunity remains intact as well. *See Kilburn,* 849 S.W.2d at 812.

The order of the trial court is reversed and remanded.[2]

---

1. Flaniken's argument that Norris was no longer responding to an emergency when the ambulance's emergency lights were allegedly turned off is without merit. Flaniken herself testified there was no doubt in her mind the ambulance was on an emergency run, and it is undisputed the lights and siren were in operation as the ambulance approached the scene to which it had been called. Assuming (as we must) the emergency lights were then extinguished, that is no evidence the emergency was as well.

2. During the pendency of the appeal, two unopposed motions for nonsuit were filed in

the case that did not involve Flaniken's causes of action against Norris or the City. We decline to rule on these motions and refer the matter to the trial court.