ACCEPTED
14-13-00815-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/6/2015 3:43:05 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-13-00815-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/6/2015 3:43:05 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS AT HOUSTON, TEXAS

**JAMIL SAIFI,**

**Appellant,**

**V.**

**CITY OF TEXAS CITY,**

**Appellee.**

On Appeal from the 212th Judicial District Court
of Galveston, Texas, Cause No. 13-CV-0436

## APPELLEE'S MOTION FOR REHEARING

**Bettye Lynn**
State Bar No. 11540500
lynn@laborcounsel.net
**Melissa H. Cranford**
State Bar No. 24012850
cranford@laborcounsel.net

**LYNN ROSS GANNAWAY & CRANFORD, LLP**
306 West Broadway Avenue
Fort Worth, Texas 76104
817.332.8505 Telephone
817.332.8548 Facsimile
**ATTORNEYS FOR APPELLEE, THE
CITY OF TEXAS CITY, TEXAS**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.......................................................................... ii

I.     INTRODUCTION ....................................................................1

II.    SUMMARY OF ARGUMENT................................................1

III.    SAIFI'S APPEAL WAS INTERLOCUTORY AND UNTIMELY ..............2

      A.    EITHER PARTY MAY APPEAL A DECISION GRANTING OR DENYING A DECISION BASED UPON THE ASSERTION OF GOVERNMENTAL IMMUNITY........................................................3

      B.    RELIANCE ON *LEHMANN V. HAR-CON CORPORATION* CREATES A DISPARATE APPELLATE STANDARD .......................................6

      C.    SAIFI'S NOTICE OF APPEAL WAS NOT TIMELY FILED UNDER TEX.R.APP. P. 26.1(B).............................................................8

IV.    CONCLUSION AND PRAYER ................................................9

CERTIFICATE OF COMPLIANCE...................................................11

CERTIFICATE OF SERVICE ...........................................................11

*Aledo Indep Sch. Dist. v. Choctaw Props.,* 17 S.W.3d 260 (Tex. App.—Waco 2000), no pet.)...............................................................................................................7

*City of Cibolo v. Koehler*, LEXIS 9265 (Tex. App.—San Antonio, November 23, 2011, no pet.) ....................................................................................................5

*City of Houston v. ATSER, L.P.*, 403 S.W. 3d 354 (Tex. App.—Houston [1st Dist.] 2004, pet. denied)..........................................................................................5,7

*City of Houston v. Flaniken*, 108 S.W.3d 555 (Tex. App.—Houston [14th Dist] 2003, no pet.)...............................................................................................................8

*City of Rockwall v. Hughes*, 246 S.W.3d 621 (Tex. 2008, rehearing denied)...........4

*Eberstein v. Hunter*, 260 S.W. 3d 626 (Tex. App.—Dallas 2003, no pet.)...............7

*Fiske v. Heller*, No. 03-03-00387-CV, 2004 Tex. App. LEXIS 5521, 2004 WL 1404100 (Tex. App.—Austin June 24, 2004)......................................................4,6

*Harris Cnty v. Sykes*, 136 S.W. 3d 635 (Tex. 2004, no pet.)..............................4,5,6

*Harris County Flood Control Dist. v. PG&E Tex. Pipeline, L.P.,* 35, S.W. 3d 772 (Tex. App. – Houston [1st Dist] 2002, pet. denied) .................................................2

*Mitz v. Tex. State Bd. Of Veterinary Med.Examiners*, 278 S.W.3d 17 (Tex. App. – Austin 2008, pet. dism'd).........................................................................................5

*Montgomery County v. Fuqua*, 22 S.W.3d 622 (Tex. App. Beaumont 2000, pet. denied)......................................................................................................................2

*Ray Ferguson Interests, Inc. v. Harris County Sports & Convention Corp.*, 169 S.W.3d 18 (Tex. App. – Houston [1st Dist] 2004, no pet.) ......................................4

*Smith v. Adair*, 96 S.W.3d 700 (Tex. App.—Texarkana 2003, pet. denied).............8

*Texas A&M Univ.Sys. v. Koseoglu*, 233 S.W.3d 835 (Tex. 2007, no pet.)......3,4,5,9

*Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006, no pet.).........................................2,6

*Thornton v. Northeast Harris County Mud 1*, 447 S.W.3d 23 (Tex. App.—Houston [14th Dist.] July 24, 2014, pet. denied)....................................................................6

## RULES AND STATUTES

TEX. CIV. PRAC. & REM. CODE ANN. §51.014 ........................................................5

TEX. CIV. PRAC. & REM. CODE §51.014(a)(5) .......................................................3,6

TEX. CIV. PRAC. & REM. CODE §51.014(a)(6) ..........................................................3

TEX. CIV. PRAC. & REM. CODE §51.014(a)(8) ..................................................*Passim*

TEX. R. APP. P. 26.1(b)....................................................................................1,7,8,9

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

Appellee, the City of Texas City, Texas files its Motion for Rehearing as follows:

## I.     **INTRODUCTION**

By this Motion for Rehearing, Appellee City of Texas City ("the City") asks this Court to revisit its decision to reverse the trial court's granting of Defendant's Plea to the Jurisdiction. The Court's decision is potentially dispositive. For that reason, Appellee respectfully urges the panel to consider the following argument.

## II.     **SUMMARY OF ARGUMENT**

Saifi's appeal of the trial court's order granting the City's Motion to Dismiss was not timely filed as an interlocutory appeal. The trial court's order remained interlocutory even though the order granted the City's Motion because governmental immunity had been asserted and because Saifi's claim(s) were not dismissed with prejudice. Any party may file an interlocutory appeal under TEX. CIV. PRAC. & REM. CODE §51.014(a)(8) and is therefore subject to the time restrictions applied by TEX. R. APP. P. 26.1(b). As Saifi waited until his Motion for New Trial had been overruled by operation of law to file his appeal, his appeal was not timely, and this Court retains no jurisdiction.

1

## III.    SAIFI'S APPEAL WAS INTERLOCUTORY AND UNTIMELY

The City submits the Court's holding that Saifi's appeal was the result of a final judgment and was timely filed, is erroneous. Saifi appealed the granting of the City's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Significantly, the basis for the City's Motion was the assertion of governmental immunity and, as such, functions as a plea to the jurisdiction. *See, Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006, no pet.).  By asserting governmental immunity in its Motion, the City triggered the requirements for an interlocutory appeal under TEX. CIV. PRAC. & REM. CODE §51.014(a)(8). As immunity was the basis for the Court's granting of the City's Motion, the subject of the City's immunity was also the basis for his appeal.  The City's assertion of immunity gives rise to the appeal timelines of Section 51.014(a)(8) and requires the appeal be filed within twenty days.

Section 51.014 (a)(8) of the CIVIL PRACTICES AND REMEDIES CODE is a narrow exception to the general rule that only final judgments and orders are appealable." *Montgomery County v. Fuqua*, 22 S.W.3d 622, 664-65 (Tex. App. Beaumont 2000, pet. denied). The interlocutory appeal is authorized by statute so that the State avoids the expenditure of resources in trying a case on the merits, if it is immune from suit. *Harris County Flood Control Dist. v. PG&E Tex. Pipeline, L.P.,* 35, S.W. 3d 772, 773-74 (Tex. App. – Houston [1st Dist] 2002, pet. denied) (en banc) (per curiam).

2

**A.** **EITHER PARTY MAY APPEAL A DECISION GRANTING OR DENYING A DECISION BASED UPON THE ASSERTION OF GOVERNMENTAL IMMUNITY.**

The plain reading of TEX. CIV. PRAC. & REM. CODE §51.014(A)(8) authorizes interlocutory appeals for the *granting* or *denial* of a plea to the jurisdiction on the basis of immunity. (emphasis added). In comparing the interlocutory standard granted by TEX. CIV. PRAC. & REM. CODE §51.014(a)(5),(6) to Section 51.014(a)(8), the Supreme Court held,

> …by its plain language allowing for interlocutory appeals of orders granting or denying pleas to the jurisdiction, it cannot be read as applying solely to a governmental unit, the entity which it describes. Interpreting "governmental unit" to modify the term persons….would preclude an aggrieved plaintiff who is plainly not a governmental unit, from bringing an interlocutory appeal to challenge the grant of a jurisdictional plea. This would be inconsistent with the express language of Section 51.014(a)(8). It would be irrational for the Legislature to have intended that a governmental unit be the only "person" who may appeal from an interlocutory order because a governmental unity would have no reason to appeal the grant of a plea to the jurisdiction. For the entire phrase "grants or denies" to be given effect, the statute must allow an appeal to be filed by both a non-governmental plaintiff challenging the grant of a plea to the jurisdiction and a governmental defendant challenging the denial of one.

*Texas A&M Univ.Sys. v. Koseoglu*, 233 S.W.3d 835 (Tex. 2007, no pet).

In this instance, Saifi challenged the granting of the plea to the jurisdiction as contemplated in *Koseoglu,* thus making his challenge interlocutory and subject to the filing deadlines set forth in Section 51.014(a)(8). The Court's determination that

Saifi's appeal was not an appeal under Section 51.014(a)(8) ignores the plain language of the statute and contradicts the Court's holding in *Koseoglu* by establishing two different appellate timelines for private parties versus governmental entities. By characterizing the trial court's granting of the City's Motion as final, Saifi is given additional time to file and determine a basis for appeal. In contrast, the City would have been left to seek an appeal under Section 51.014(a)(8) had its petition been denied. Further, if the legislature had intended for a private party to have the benefit of longer deadlines, it would have said so. The Court, under the plain-reading doctrine, cannot infer such meaning into the statute. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-626 (Tex. 2008, *rehearing denied*).

The Court also erred in relying on *Harris Cnty v. Sykes*, 136 S.W. 3d 635, 638 (Tex. 2004, no pet.). in limiting interlocutory appeals to scenarios in which the governmental unit's Plea to the Jurisdiction has been denied, rather than granted. At least one court has distinguished the *Sykes* holding as non-controlling dicta and declined to adopt the limiting position where governmental immunity has been asserted. *Ray Ferguson Interests, Inc. v. Harris County Sports & Convention Corp.*, 169 S.W.3d 18 (Tex. App. – Houston [1st Dist] 2004, *no pet*). Also, a dismissal for want of jurisdiction is not a judgment on the merits of the cause of action. *Fiske v. Heller*, No. 03-03-00387-CV, 2004 Tex. App. LEXIS 5521, 2004 WL 1404100 (Tex. App.—Austin June 24, 2004) *citing Bell*, 945 S.W.2d at 295. To the extent

4

the Court relies on *Sykes* for the premise that only a governmental entity may appeal a denial of a plea to the jurisdiction, *Sykes* has been overruled by implication by *Texas A&M Univ.Sys. v. Koseoglu*, 233 S.W.3d 835 (Tex. 2007, no pet).

In fact, the interlocutory appeal set forth by Section 51.014(a)(8) is available to any party where governmental immunity is asserted. The court in *Mitz v. Tex. State Bd. Of Veterinary Med.Examiners*, 278 S.W.3d 17 (Tex. App. – Austin 2008, pet. dism'd), held that an interlocutory order granting a plea to the jurisdiction in a declaratory action challenging the constitutionality of a state regulation regarding equine dentistry was appealable under TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a)(8), and that any party may appeal such an order. The Court further held that in reviewing a plea to the jurisdiction, an appellate court does not look to the merits of the case but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *Id.* Therefore, the appeal of a plea to the jurisdiction remains interlocutory for the purposes of an examination of immunity and does not convert to a final judgment when the cause of action was not dismissed with prejudice.[1,2]

Further distinguishing Saifi's appeal from the scenario in *Sykes*, while the trial court's order granted the City's plea to the jurisdiction, it did not dismiss his cause

---

[1] In support of the argument that the Court's Order was interlocutory, had Appellee City attempted to amend its pleadings to assert another defense during the pendency of Saifi's Appeal, it would have been prohibited from doing so by virtue of the statute's stay as the Motion and hearing were both set within 180 days of the filing of its answer. *See*, *City of Cibolo v. Koehler*, LEXIS 9265 (Tex. App.—San Antonio, November 23, 2011, no pet.), unpublished opinion, TEX. CIV. PRAC. & REM. CODE ANN. §51.014.

[2] The trial court's order would not become a final and binding order until after the interlocutory appeal period passed if no appeal was taken. *City of Houston v. ATSER*, infra.

with prejudice to refiling. *See, Fiske v. Heller, supra* at pp. 7 and 8.  Therefore, Saifi's order did not constitute a final order for the purposes of *Sykes* and was instead an interlocutory appeal under Section 51.104(a)(8).

## B. RELIANCE ON *LEHMANN V. HAR-CON CORPORATION* CREATES A DISPARATE APPELLATE STANDARD.

The other case on which the Court relied to determine the timeliness of Saifi's appeal, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)*,* is also distinguishable because *Lehmann* addressed whether interlocutory appeals were authorized for Summary Judgments for non-governmental entities under Section 51.014(a)(5). In contrast, the Texas Supreme Court has construed "plea to the jurisdiction" in §51.014(a)(8) to refer to a substantive claim of immunity rather than to a particular type of procedural vehicle. *Thomas v. Long*, supra.  The availability of an interlocutory appeal is not decided by the form or caption of the pleading, but is determined by the substance of the motion to determine the relief sought. *Thornton v. Northeast Harris County Mud 1*, 447 S.W.3d 23 (Tex. App.—Houston [14th Dist.] July 24, 2014, pet. denied). In *Thornton*, the Court's granting of a No Evidence Summary Judgment in favor of the governmental entity resulted in the dismissal of the Plaintiff landowner's counterclaims.

Notably, *Lehmann* has also been distinguished as applying only to cases in which one final and appealable judgment can be rendered and not those matters in which multiple judgments can be rendered on certain discrete issues. *Eberstein v.*

6

*Hunter*, 260 S.W. 3d 626 (Tex. App.—Dallas 2003, no pet.). In Saifi's case, multiple judgments could be rendered on each of the issues he presented absent an assertion of governmental immunity.

Regardless of the trial court's order, it is the assertion of governmental immunity and the lack of dismissal with prejudice, which creates the interlocutory appeal status. Had the trial court denied the City's Plea to the Jurisdiction, the City would have been bound by the twenty day time limit to file its appeal per TEX. R. APP. P. 26.1(b) or would have been precluded from raising the issue after a final judgment had been reached. *City of Houston v. ATSER, L.P.*, 403 S.W. 3d 354 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

Additionally, had the Court denied the City's Motion, the parties could have proceeded with the merits of the case and the ultimate question as to whether Saifi was improperly terminated. However, traditionally, sustaining a plea to the jurisdiction requires dismissal of the entire case. *Aledo Indep Sch. Dist. v. Choctaw Props.,* 17 S.W.3d 260, 262 (Tex. App.—Waco 2000, no pet.), citing *Speer v. Stover*, 685 S.W.2d, 23 (Tex. 1985). *See also*, *City of Cleburne v. Trussell*, 10 S.W. 3d 407, (Tex. App.—Waco 2000, no pet. h.). To allow Saifi additional time beyond that prescribed for an interlocutory appeal for the filing of his Notice of Appeal unfairly prejudices the City and creates a disparate appellate standard.

7

In a closely associated fact pattern, this Court has, in the past, determined an appeal to be interlocutory when official immunity serves as the basis for the dispositive motion. *City of Houston v. Flaniken*, 108 S.W.3d 555 (Tex. App.—Houston [14th Dist] 2003), *no pet.*, citing, *City of Houston v. Kilburn*, 849 S.W.2d 810, 811 (Tex. 1993)(per curiuam).

If the appeal of the matter is limited to the examination of immunity, the limitations of Section 51.014(a)(8) are also applicable, and the appeal must be considered interlocutory under that section. To convert the trial court's order on the City's Motion to Dismiss for Lack of Subject Matter Jurisdiction to a final order fails to give effect to the Section 51.014(a)(8) and fails to recognize that no dismissal with prejudice was issued. As a result, the time limits of an accelerated appeal must apply.

## C. SAIFI'S NOTICE OF APPEAL WAS NOT TIMELY FILED UNDER TEX.R.APP. P. 26.1(B).

Applying the deadlines for an accelerated appeal under TEX. R. APP. P. 26.1(b), the Order granting the plea was signed on June 20th, 2013. (C.R. 104), which meant his Notice of Appeal should have been filed on July 10, 2013. While Saifi filed a Motion for New Trial on July 19, 2013, the Motion for New Trial does not extend jurisdiction for an interlocutory appeal. See, *Smith v. Adair*, 96 S.W.3d 700 (Tex. App.—Texarkana 2003, pet. denied). Ultimately, Saifi did not file his notice of appeal until September 17, 2013, 89 days *after* the Order granting the City's

8

Motion was signed. (C.R.152). Because the trial court's order was in response to a Motion to Dismiss for Lack of Subject Matter Jurisdiction where governmental immunity was and because Saifi's claims were not dismissed with prejudice, Saifi's appeal was interlocutory and not timely filed.[3]

## IV.  CONCLUSION AND PRAYER

As a result of the assertion of governmental immunity, Saifi's appeal remained interlocutory, even though the trial court's granted the City's Motion. That the appeal sprang from the granting of a decision to the City, rather than a denial, is irrelevant under the plain language of Section 51.014(a)(8) and *Koseoglu.* Saifi appealed a determination of governmental immunity. As a result, his appeal fell under TEX. CIV. PRAC. & REM. CODE 51.014(A)(8), and is subject to the filing restrictions for an accelerated appeal as set forth in TEX. R. APP. P. 26.1(b). Under these restrictions, a party must file Notice of Appeal within 20 days after the judgment or order is signed. Saifi did not timely file his Notice of Appeal and, therefore, this Court retains no jurisdiction.

Appellee, Texas City respectfully urges the Court to reconsider its ruling on these grounds.

---

[3] The Court has ordered the parties to be remanded to the trial court for further proceedings.

9

Respectfully Submitted:


  /s/ *Melissa H. Cranford*
Bettye Lynn
State Bar No. 11540500
lynn@laborcounsel.net
Melissa H. Cranford
State Bar No. 24012850
cranford@laborcounsel.net
**LYNN ROSS GANNAWAY & CRANFORD, LLP**
306 West Broadway Avenue
Fort Worth, Texas 76104
817.332.8505 Telephone
817.332.8548 Facsimile


**ATTORNEYS FOR APPELLEE, THE
CITY OF TEXAS CITY, TEXAS**

10

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. R. 9.4, I hereby certify that this motion contains 2407 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the documents.

*/s/ Melissa H. Cranford*
Melissa H. Cranford

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below on this the 6th day of May, 2015, as follows:

*By Electronic Service or Certified Mail, Return Receipt Requested*

Vincent L. Marable, III
Paul Webb, P.C.
221 North Houston
Wharton, Texas 77488
979.532.5331 Telephone
979.532.2902 Facsimile

Richard C. Mumey
The Mumey Law Firm, PLLC
125 North Loop West, Suite 1000
Houston, Texas 77008
713.622.7676 Telephone
713.622.7206 Facsimile

*/s/ Melissa H. Cranford*
Melissa H. Cranford