**Affirmed as Reformed; and Memorandum Opinion filed June 28, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00012-CV

### SVT, L.L.C. AND ROBERT C. ORR, JR., Appellants

### V.

### SEASIDE VILLAGE TOWNHOME ASSOCIATION, INC., Appellee

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-64585A**

## M E M O R A N D U M   O P I N I O N

This appeal is brought by SVT, L.L.C., ("SVT") and Robert Orr, Jr. (collectively "the Developers") complaining of the trial court's judgment on cross-motions for summary judgment in favor of Seaside Village Townhomes Association, Inc. (the "HOA"). The Developers raise six issues. We reform the trial court's order and, as reformed, affirm.

BACKGROUND

SVT developed a residential subdivision in Seabrook, Texas. Orr is an officer and owner of SVT. SVT executed a Declaration of Covenants, Conditions and Restrictions ("Declaration") to govern the subdivision and filed it with the Harris County Clerk's office on November 3, 2004. On May 22, 2006, SVT incorporated Seaside Village Townhome Association to act as the homeowners association for the subdivision.

Initially, the City of Seabrook required SVT to include a detention pond. The situs of the detention pond is the real property described in Exhibit B to the Declaration and is referred to by the parties as the "Repsdorph Property." At issue in this appeal is section 1.8 of the Declaration, which defines "common area" as follows:

> **SECTION 1.8     COMMON AREA** – All real property owned by the Association for the common use and benefit of the Owners, which includes (i) all of the reserves reflected on the plat of the Subdivision, (ii) the real property described in Exhibit "B"[1] attached hereto and incorporated herein for all purposes, and (iii) Lots 11 and 12 in Block 1 of the Subdivision, unless and until the Association conveys either or both of the Lots to a third party for the purposes of constructing Unit(s) thereon at which time the Lot(s) so conveyed will no longer be defined as Common Area and will thereafter be defined as Lot(s).

The City of Seabrook subsequently eliminated the requirement for a detention pond and SVT had the Repsdorph Property filled in and filed a new plat (the "re-plat") that subdivided the Repsdorph Property to sell as additional residential lots. The re-plat was filed by SVT with the Harris County Clerk on March 5, 2013. In 2015, SVT filed an amendment to the Declaration (the "Amendment) in the Harris

---

[1] The parties agree that Exhibit "B" describes the Repsdorph property.

County real property records removing the Repsdorph Property from section 1.8. The Declaration expressly permits amendment in section 11.2, which states:

> **SECTION 11.2** **AMENDMENT BY DECLARANT** – So long as Declarant owns a Lot in the Subdivision, Declarant without the joinder of any other party, shall also have the authority to amend this Declaration (i) to correct any mistake or errors of a clerical nature resulting from typographical or similar errors, or (ii) for any other reasons, provided the scheme of the Subdivision restricting Lots and Units to single family use only remains in tact [sic].

On October 28, 2015, the HOA filed suit against SVT and Orr. The Developers counterclaimed and later moved for partial summary judgment. The HOA subsequently filed its' own motion for partial summary judgment. After both sides responded, the trial court conducted a hearing. The trial court then granted the HOA's motion for summary judgment and denied the Developers' motion in an order signed May 27, 2016.

The HOA later moved to sever. Over the Developers' objection, the trial court granted the motion and entered an order on November 7, 2016, severing the HOA's claims for suit-to-quiet-title and declaratory judgment. The Developers timely brought this appeal.

THE PARTIES' CLAIMS

A.    *The HOA's Petition*

In its opening paragraph, the HOA's petition states "this, its Original Petition for Trespass to Try Title." The petition further claims it is filed "pursuant to the provisions of Chapter 37 of the Texas Civil Practice and Remedies Code and the Texas Property Code."[2]

---

[2] Section 37.004 of the Texas Civil Practice and Remedies Code provides:

(a) A person interested under a deed, will, written contract, or other writings

3

In their "Statement of Facts/Actionable Conduct" section, the HOA alleges, in pertinent part, the following:

- The Developers have "refused to transfer control and title to [the Repsdorph Property] as provided by the Declaration;"

- "Failure to Convey Common Areas and Amenities;"

- "the Board of Directors were notified that the [Repsdorph Property] was not simultaneously transferred to [the HOA] as is typical of the industry upon the termination of the Developer-control period;"

- [The Developers] have previously and continue to refuse to transfer title and control of [the Repsdorph Property]; and

- "A subsequent Lis Pendens is being filed to further prevent [the Developers] from clouding title to [the Repsdorph Property]."

The HOA's requested relief includes "judgment for title to and possession of [the Repsdorph Property] which is the subject matter of this suit.

The HOA's stated causes of action are for breach of fiduciary duty and breach of contract. The claims for breach of fiduciary duty do not relate to title to the Repsdorph Property. The breach of contract claim is based upon the fact that the

constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

(b) A contract may be construed either before or after there has been a breach.

(c) Notwithstanding Section 22.001, Property Code, a person described by Subsection (a) may obtain a determination under this chapter when the sole issue concerning title to real property is the determination of the proper boundary line between adjoining properties.

Tex. Civ. Prac. & Rem. Code § 37.004. [2] Section 22.001 of the Texas Property Code states:

(a) A trespass to try title action is the method of determining title to lands, tenements, or other real property.

Tex. Prop. Code § 22.001.

4

Developers "violated the provisions of the Declaration by . . . failing to transfer title to the [Repsdorph Property]."

### B.  *The Developers' Counterclaims*

The Developers counterclaimed to recover in quantum meruit and for a suit to quiet title and declaratory relief; only the latter two claims are at issue in this appeal. The Developers argue they are the rightful owner of the Repsdorph Property by virtue of the General Warranty Deed dated March 17, 2004. According to the Developers, the HOA's purported claim or interest in the property clouds their title. The Developers contended the Repsdorph Property is not part of the common area because the Declaration was rightfully amended to remove it. The remainder of the common area was conveyed to HOA by Special Warranty Deed, dated November 12, 2015. Further, the Developers sought a declaratory judgment that they are the sole and rightful owners of the Repsdorph Property.

### COMPETING MOTIONS FOR SUMMARY JUDGMENT

### A.  *The Developers' Motion*

The Developers moved for traditional summary judgment on their counterclaims for suit to quiet title and declaratory judgment. The Developers claimed they proved all essential elements of their suit to quiet title[3] in that:

- the General Warranty Deed clearly provided SVT with legal title to the Repsdorph Property;
- title to the Repsdorph Property was being adversely affected by HOA;

---

[3] The elements of a suit to quiet title are: (1) the plaintiff has an interest in a specific property; (2) title to the property is affected by the defendant's claim; and (3) the defendant's claim, although facially valid, is invalid or unenforceable. *Roberson v. Odom*, 529 S.W.3d 498, 502 (Tex. App.—Texarkana 2017, no pet.).

- HOA's claim was invalid because of the Amendment; and
- the Repsdorph Property is not on the re-plat.

Regarding their claim for declaratory relief, the Developers asserted the undisputed facts and their summary-judgment evidence established as a matter of law the Declaration was amended to remove the Repsdorph Property from the subdivision. The relief sought was a declaratory judgment that the Amendment was valid, the lis pendens filed by the HOA was null and void, and title to the Repsdorph Property belonged to SVT.

### B. *The HOA's Motion*

The HOA also moved for traditional summary judgment on its claims for suit to quiet title and declaratory judgment. The HOA first sought a declaratory judgment the Amendment was invalid pursuant to section 209.0041 of the Texas Property Code, which provides two methods for a residential subdivision to amend its original declaration. *See* Tex. Prop. Code §§ 209.0041(h), (h-1), and (h-2). During a development period, section 209.0041 does not apply to the amendment of a declaration. Tex. Prop. Code § 209.0041(d). The HOA asserted it was undisputed that the development period terminated on August 20, 2014, when the Developers transferred control of the Association to its' members pursuant to section 1.13 of the Declaration. Because the Amendment was not filed until after termination of the development period, the HOA argued, it is invalid and the Developers could only amend the Declaration with approval from at least sixty-seven percent of the Association's members. *See* Tex. Prop. Code § 209.0041(h). The HOA contended it was therefore entitled to a declaratory judgment that the Amendment was void and unenforceable.

6

Second, the HOA alleged the Repsdorph Property was conveyed to the Association by section 1.8 of the Declaration. *See* Tex. Prop. Code § 5.021.[4] The Developers' re-plat of the subdivision, the HOA argued, for an alternate use could not transfer ownership of the Repsdorph Property back to the Developers. The HOA contended the General Warranty Deed, though facially valid, is merely a "prior link" in the chain of title. The HOA requested relief in the form of an order that the Developers file a document in the Real Property Records rescinding the Amendment.

### STANDARD OF REVIEW

We review the trial court's grant of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.,* 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.,* 253 S.W.3d 184, 192 (Tex. 2007)). The party moving for traditional summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23–24 (Tex. 2000) (citing Tex. R. Civ. P. 166 a(c)). The nonmovant has no burden to respond unless the movant conclusively establishes its cause of action or defense. *Id.* "Summary judgments must stand on their own merits." *Id.* When reviewing a motion for summary judgment, we take the nonmovant's evidence as true, indulge every reasonable inference in favor of the nonmovant, and resolves all doubts in favor of the nonmovant. *Id.* (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985)). We must affirm the summary judgment if any of the movant's theories presented to the trial court and preserved for appellate review are

---

[4] Titled "Instrument of Conveyance," section 5.021 provides: "A conveyance of an estate of inheritance, a freehold, or an estate for more than one year, in land and tenements, must be in writing and must be subscribed and delivered by the conveyor or by the conveyor's agent authorized in writing." Tex. Prop. Code § 5.021.

7

meritorious. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 216 (Tex. 2003).

When both sides move for summary judgment and the trial court grants one motion and denies the other, we consider all the summary-judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Washington Square Fin., LLC v. RSL Funding, LLC*, 418 S.W.3d 761, 767 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citing *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). We review the denial of a motion for summary judgment by the same standards as a grant of summary judgment. *City of Houston v. Flaniken*, 108 S.W.3d 555, 556–57 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *Dolcefino v. Randolph*, 19 S.W.3d 906, 916 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Denial was proper if, viewing the evidence in the light most favorable to the movant, there was a genuine issue of material fact and the movant failed to establish entitlement to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Wal–Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). Our review is *de novo*. *Ferguson v. Bldg. Materials Corp. of Am.,* 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing *Tex. Mun. Power Agency,* 253 S.W.3d at 192). Declaratory judgments rendered by summary judgment are reviewed under the same standards that govern summary judgments generally. *Wolf Hollow I, L.P. v. El Paso Mktg., L.P.,* 409 S.W.3d 879, 884 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (op. on remand) (citing *Hourani v. Katzen,* 305 S.W.3d 239, 248 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)).

When a movant asserts multiple grounds for summary judgment, and the trial court does not specify the ground on which summary judgment was granted, the appellant must negate all grounds on appeal. *Heritage Gulf Coast Prop., Ltd. v.*

*Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995)). If the appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment. *Id.*

We note that although the Developers contend the trial court specified it granted summary judgment on specific grounds, it did not. No grounds are stated in the order denying the Developers' motion and granting the HOA's motion. In the order of severance, the trial court listed the claims on which it was granting summary judgment, it did not state the grounds on which it granted summary judgment for each claim. *Id.*

### WAS SUMMARY JUDGMENT GRANTED ON UNPLED CAUSES OF ACTION?

We first address the Developers' second issue complaining the trial court erred in granting the HOA's motion for partial summary judgment. The Developers contend the HOA's original petition did not include claims for declaratory judgment or suit to quiet title or any facts that sufficed to give the Developers notice of such claims. According to the Developers they properly objected to the trial court's consideration of the claims and the HOA failed to cure its pleading defects by amendment.

A.    *The Developers' Objection*

In its' response to the HOA's motion for partial summary judgment, the Developers objected to the unpled causes of action, in pertinent part, as follows:

**Plaintiff's Pleadings do not Support Plaintiffs Cause of Action -**

. . .

6. Plaintiff's live pleading clearly spells out the causes of action they assert in this lawsuit. Plaintiff has sued Defendants for breach of fiduciary duties (individually, as the board of directors and as the

9

developer) and breach of contract. See Plaintiff's Original Petition. However, Plaintiffs Motion for Partial Summary Judgment seeks judgment on claims of suit to quiet title and declaratory relief.

7. Accordingly, Defendants object to Plaintiff's attempt to seek, summary judgment on a suit to quiet title and declaratory relief because Plaintiff has not pleaded those causes of action in its petition.

The HOA makes no claim the objection was insufficient. The record of the hearing on the motions for partial summary judgment reflects the Developers re-urged their objection:

"[The HOA] has filed a Motion for Summary Judgment; and we have one objection that we've listed in our response. They're seeking a summary judgment on Suit to Quiet Title and Declaratory Relief. Those claims are not located in their petition. They haven't pled Suit to Quiet Title or Declaratory Relief.

During the hearing, the HOA did not address the Developers' objection. On appeal, the HOA contend they pled sufficient facts to give the Developers notice of the requested relief but does not assert the issue was tried by consent.

B.    *Applicable Law*

A trial court's judgment must conform to the pleadings. Tex. R. Civ. P. 301. Thus a trial court cannot grant relief to a party in the absence of pleadings supporting that relief, unless the issue was tried by consent. Tex. R. Civ. P. 301; *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 450–51 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). *See Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) ("[A] party may not be granted relief in the absence of pleadings to support that relief."). Unpled claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex. 1991). If a party allows an issue to be tried by consent and fails to raise the lack of a pleading before submission of the case, it cannot raise the pleading deficiency for the first time on

appeal. *Id.* "There is no valid reason why these rules should not apply to issues raised in the motion for summary judgment." *Id*.

Pleadings must give reasonable notice of the claims asserted. *Moneyhon v. Moneyhon,* 278 S.W.3d 874, 878 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *SmithKline Beecham Corp. v. Doe,* 903 S.W.2d 347, 354–55 (Tex. 1995)). A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. *Heritage Gulf Coast Prop.*, 416 S.W.3d at 658. We construe the pleading liberally to contain any claims that reasonably may be inferred from its specific language, even if an element of a claim is not specifically alleged, unless the trial court sustains special exceptions. *Moneyhon,* 278 S.W.3d at 878; *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982).[5] However, we cannot use a liberal construction of the petition as a license to read into the petition a claim that it does not contain. *Id.* (citing *San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 338 (Tex. App.-—ouston [14 Dist.] 2005, no pet.)). If we cannot reasonably infer that the petition contains a claim, we must conclude it does not. *Id.* (citing *SmithKline Beecham Corp.,* 903 S.W.2d at 354–55). A judgment unsupported by pleadings is generally void. *In re Estate of Gaines*, 262 S.W.3d 50, 60 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

The principal issue in a suit to quiet title is the existence of a cloud on the title that equity will remove. *Mortg. Elec. Registration Sys., Inc. v. Groves,* No. 14–10–00090–CV, 2011 WL 1364070, at *3 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, pet. denied) (mem. op.). A "cloud" on legal title includes any deed, contract, judgment lien or other instrument, not void on its face that purports to convey an interest in or makes any charge upon the land of the true

---

[5] The record reflects the Developers filed special exceptions to the HOA's original petition on July 27, 2016, after the order at issue in this appeal was entered.

11

owner, the invalidity of which requires proof. *Id.* The term "suit to quiet title" is used to describe legal disputes regarding (1) title to and possession of real property; and (2) the validity of other "clouds" on an undisputed owner's title to real property. *Id.*

The first type of claim is essentially a trespass-to-try-title action. *Id.* An action for trespass to try title is used to determine title to lands, tenements, or other real property, to clear problems in chains of title, or to recover possession of land unlawfully withheld from a rightful owner. *Groves,* 2011 WL 1364070, at *3. Absent a boundary dispute, a trespass-to-try-title claim is the exclusive remedy by which to resolve competing claims to property. Tex. Prop. Code § 22.001(a); *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 n. 48 (Tex. 2009); *Jordan v. Bustamante*, 158 S.W.3d 29, 34 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).[6]

The second type of claim challenges an adverse interest that indirectly impacts title and possession. *Groves,* 2011 WL 1364070, at *3. "A claim is sufficiently adverse if its assertion would cast a cloud on the owner's enjoyment of the property." *Id.* The affected owner must allege his right, title, or ownership with sufficient certainty to warrant judicial interference. *Id.*

The underlying nature of a plaintiff's action is not altered by any request for declaratory relief. *See Parker v. Hunegnaw*, 364 S.W.3d 398, 401–02 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Our evaluation is based on the nature of the dispute, despite any pleadings for a declaratory-judgment action. *Id.*

---

[6] A specific statutory provision allows for declaratory judgment action to determine a case in which the sole issue is a boundary dispute. Tex. Civ. Prac. & Rem. Code § 37.004.

C.    *Application*

Because the Developers raised the lack of a pleading in response to the issues raised in the motion for summary judgment and re-urged that objection at the hearing, we conclude the issue was not tried by consent. *See Roark,* 813 S.W.2d at 495. We therefore turn to whether the trial court entered judgment on a theory not pled.

The HOA's pleadings alleged breach of contract by the Developers' for failing to transfer title of the Repsdorph Property to the HOA. But, as noted above, the HOA's original petition stated it was "for Trespass to Try Title" and cited the Declaratory Judgment Act. Also, the HOA's petition refers to the Repsdorph Property as "Plaintiff's property" and the HOA stated it was filing a lis pendens "to further prevent [the Developers] from clouding title." The HOA requested relief in the form of "judgment for title to and possession of" the Repsdorph Property. Considered as a whole, and construing it liberally, we cannot say the HOA failed to provide fair and adequate notice of its claim to the Repsdorph Property. Issue two is overruled.

THE MERITS OF THE MOTIONS FOR PARTIAL SUMMARY JUDGMENT

We now turn to the question of whether the trial court erred in granting the HOA's motion and denying the Developers' motion. As noted above, in such a situation, the general rule is that we review all grounds asserted in both motions, consider both sides' evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004); *Embrey v. Royal Ins. Co. of Am.*, 22 S.W.3d 414, 416 (Tex. 2000).

13

The Developer's remaining issues on appeal are:

- Issue one - the trial court erred in granting the HOA's motion because the HOA failed to prove the Amendment was invalid;

- Issue three - the Repsdorph Property was not conveyed to the HOA because the Declaration did not contain any "words of conveyance;"

- Issue four - the Repsdorph Property was not conveyed to the HOA because it was not in existence at the time the Declaration was filed; and

- Issue five – the re-plat effectively amended the Declaration.

The motion for partial summary judgment filed by the Developers asserted they held title to the Repsdorph Property by virtue of the General Warranty Deed. The Developers contended the HOA's claim was invalid because the Repsdorph Property was removed from the common area by the Amendment and, further, it was not listed upon the re-plat. In their response to the HOA's motion for partial summary judgment, the Developers also claimed there was no initial transfer of title to the HOA by the Declaration because it has no language of conveyance. The HOA's subsequent motion for partial summary judgment claimed the Repsdorph Property was conveyed to it by the Declaration; the Amendment was invalid; and the re-plat of the subdivision did not transfer title back to the Developers.[7] We first address the question of conveyance.

The Developers argue in issues three, four and five that the trial court erred in denying their motion for partial summary judgment because the Repsdorph Property was not conveyed to the HOA and, even if there was a conveyance, the Declaration was amended by the re-plat. The Developers assert two reasons there was no

---

[7] In their response to the Developer's motion, the HOA objected that it relied solely upon parol evidence. The record does not reflect the trial court ruled on those objections.

conveyance: (1) the Declaration did not contain any "words of conveyance;" and (2) at the time the Declaration was filed, the HOA was not in existence.

The second reason, presented in issue four, was not raised in the trial court. We do not consider a ground for reversal that was not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment. *See* Tex. R. Civ. P. 166a(c); *Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 572 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("[S]ummary judgments must stand or fall on the grounds raised therein; we cannot consider grounds raised for the first time on appeal as a basis for affirming or reversing the trial court's judgment."). Accordingly, we overrule the Developers' fourth issue.[8]

The Developers' third issue claims the trial court erred in denying their motion because there were no "words of conveyance" in the Declaration. The HOA relied upon section 1.8 of the Declaration identifying it as the "owner." Likewise, the Developers depend upon the re-plat stating they are the "owners of the property."

The transfer of property within a subdivision from a developer to the homeowners' association may be effected by the use of dedicatory language. *Gray v. Key Ranch at the Polo Club Home Owners Ass'n, Inc.*, No. 03-09-00145-CV, 2010 WL 143421, at *4 (Tex. App.—Austin Jan. 12, 2010, no pet.) (mem. op.). *See also Simms v. Lakewood Vill. Prop. Owners Ass'n*, 895 S.W.2d 779, 783-84 (Tex. App.—Corpus Christi 1995, no writ) (construing covenant provision providing for mandatory transfer of common areas to association upon sale of all subdivision lots); *Scoville v. SpringPark Homeowner's Ass'n*, 784 S.W.2d 498, 500 (Tex. App.—Dallas 1990, writ denied) (construing Master Declaration provisions providing for acquisition of common areas by homeowners' association). Similarly, a plat

---

[8] The Developers first and third grounds for claiming the trial court erred were raised in either their motion or response to the HOA's motion, as noted above.

dedication may also convey property from a developer to the homeowners' association. *See Raman Chandler Props., L.C. v. Caldwell's Creek Homeowners Ass'n, Inc.*, 178 S.W.3d 384, 394 (Tex. App.—Fort Worth 2005, pet. denied) (recognizing plat dedication of open space common areas to be maintained for benefit of homeowners' association).

We find *Gray*, 2010 WL 143421, at \*4, analogous to the case at bar. There, the court concluded the Declaration and the filed plats demonstrated the declarant, Rooster Springs, LP, intended to convey the streets and roads of the subdivision to the homeowner's association (the "Association"). As in *Gray*, the Declaration at issue in this case defined the common area to include the Repsdorph Property and stated the common area was "owned by the [HOA] for the common use and benefit of the Owners." Further, the common area definition expressly references "Exhibit B" to the Declaration, which describes the Repsdorph Property by metes and bounds. Whereas, the Declaration's preamble states that SVT is the owner of the real property described in "Exhibit A" to the Declaration, which does not include the Repsdorph Property. Thus the plain language of the Declaration evidences a clear intention to convey the common area, including the Repsdorph Property, to the HOA. *See id.* Accordingly, the trial court did not abuse its discretion in denying the Developers' motion for summary judgment on the basis that the Declaration contained no words of conveyance. The Developers' third issue is overruled.

In their fifth issue, the Developers argue that even if there was a conveyance, the re-plat, which changed the usage of the Repsdorph Property from a detention pond into a new subdivision owned by SVT, amended the Declaration to re-convey the property back to them. The Developers argue they had the unilateral right to amend the Declaration pursuant to section 11.2, set forth above, as long as SVT owned a "lot" within the subdivision. The Developers point to the re-plat stating they

16

are the "owners of the property." The HOA argues because the Repsdorph Property had already been conveyed to the HOA when the re-plat was filed, the HOA was the owner and the Developers' could not unilaterally transfer title back to SVT.

We have determined the property was conveyed to the HOA by the Declaration. Thus, at the time of the re-plat the Developers no longer owned the Repsdorph Property. Section 11.2 allows the Developers to amend as long as SVT owns a lot, but the only lot the Developers claimed they still owned was the Repsdorph Property. Because the Developers no longer owned a lot, section 11.2 does not effectuate an amendment by the re-plat. Accordingly, the trial court did not abuse its discretion in denying the Developers' motion for summary judgment on the basis that the re-plat conveyed title to the Repsdorph Property back to the Developers. The Developers' fifth issue is overruled.

The Developers' first issue claims the HOA failed to establish the Amendment was invalid because it did not conclusively prove the date upon which the development period ended. As noted above, the HOA asserted in its motion that the Amendment was invalid because it failed to satisfy the requirements of section 209.0041 of the Texas Property Code. *See* Tex. Prop. Code §§ 209.0041 (h), (h-1), and (h-2). Section 209.0041 only applies if the development period has ended. *See* Tex. Prop. Code § 209.0041(d). Accordingly, in order for the HOA to invoke its requirements it was required to prove the termination date for the development period.

We need not decide this issue in light of our discussion above. The Repsdorph Property was conveyed to the HOA by the Declaration. The Developers do not claim ownership of any other "lot" in the subdivision when the Amendment was filed and therefore did not have the right to amend under section 11.2. It is therefore not relevant whether the Amendment was filed after the development period ended and

17

for that reason had to meet section 209.0041's requisites. Accordingly, we overrule the Developers' first issue.

## ATTORNEY'S FEES

The Developers' sixth issue asserts the trial court erred in awarding attorney's fees against the Developers. HOAs concedes the point and agrees the trial court's order should be reformed to delete the award. Issue six is sustained.

## CONCLUSION

For the reasons set forth above, we reform the trial court's order to delete the award of attorney's fees and, as reformed, affirm the trial court's order.

/s/    John Donovan
       Justice

Panel consists of Justices Christopher, Donovan, and Jewell.