

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00213-CV

---

CORA SUE SANCHEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE
OF ANTHONY TONY SANCHEZ, DECEASED, JENNIFER PASOWICZ,
AND JULIE MARIE SANCHEZ, APPELLANTS

V.

ROBERTS TRUCK CENTER OF TEXAS, LLC, AND ROBERTS TRUCK CENTER
HOLDING COMPANY, LLC, APPELLEES

---

On Appeal from the County Court at Law
Ector County, Texas[1]
Trial Court No. 21791-14-A, Honorable Jim Bobo, Presiding

---

October 9, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

This is an appeal from a no-evidence summary judgment granted in favor of

appellees Roberts Truck Center of Texas, LLC, and Roberts Truck Center Holding

---

[1] Originally appealed to the Eleventh Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Eleventh Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

Company, LLC (collectively, "Roberts"). The sole issue is whether the trial court erred in granting Roberts's motion for summary judgment. We affirm.

## Background

On March 14, 2014, Anthony Sanchez was killed in a single-vehicle rollover accident in Upton County, Texas. Sanchez was driving a tanker truck in the course of his employment at the time of the accident. Roberts owned the truck Sanchez was driving and had leased it to Sanchez's employer. Sanchez's survivors, appellants herein (collectively, "Sanchez"), sued appellees and others, alleging that the seat belt in the vehicle failed, causing the injuries which resulted in the death.

Roberts filed a no-evidence motion for summary judgment in October of 2015. Before the trial court considered the motion, Sanchez amended her petition, adding additional defendants.[2] The trial court granted Roberts's motion for summary judgment on May 2, 2017. That same day, the court entered an order that severed Sanchez's claims against Roberts, making the summary judgment final for all purposes. Sanchez filed this appeal.

## Analysis

Sanchez presents two unnumbered sub-issues in her argument. First, she contends that the summary judgment was improper because Roberts's motion did not seek summary judgment on Sanchez's strict products liability theory of recovery. Sanchez argues that because she filed amended petitions presenting a claim for strict

---

[2] Sanchez's claims against the other defendants are not part of this appeal.

products liability, and Roberts did not amend its motion to address these claims, the summary judgment was improperly rendered. In her second sub-issue, Sanchez contends that summary judgment was improper because more than a scintilla of evidence exists in support of her negligence claim.

Disposition of Strict Products Liability Claim

The trial court's order granting Roberts's motion for summary judgment orders "that Plaintiffs take nothing from" the Roberts defendants. The order to sever, filed shortly thereafter, orders "that the summary judgment as between Plaintiffs and [Roberts] become final for all purposes." This judgment is final, but, according to Sanchez, erroneous because it disposes of a claim not addressed by the motion for summary judgment: Sanchez's strict products liability claim. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) ("[I]f a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final.").

In its first responsive argument, Roberts contends that Sanchez waived any argument that Roberts's motion failed to address Sanchez's purported strict products liability claim. Roberts notes that Sanchez did not file special exceptions and did not complain in either her motion to reconsider or motion for new trial that the trial court granted summary judgment on a claim not addressed in Roberts's motion. Roberts contends that, because Sanchez failed to raise this issue in the trial court, the issue cannot be considered on appeal as grounds for reversal.

We disagree with Roberts's contention. A non-movant is not required to except to a movant's failure to assert specified grounds in a motion for summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) (plurality op.). Summary judgment cannot be granted except on the grounds expressly presented in the motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002). We, therefore, cannot affirm summary judgment on a basis not stated in Roberts's motion. *See McConnell*, 858 S.W.2d at 339. Sanchez has not waived her complaint that the trial court granted summary judgment on grounds that were not presented in the motion.

Roberts next argues that the trial court did not erroneously dispose of Sanchez's strict products liability claim against it because Sanchez's pleadings do not assert any such claim against Roberts. Sanchez, however, contends that her pleadings sufficiently state a cause of action for strict products liability against Roberts. We must examine Sanchez's live pleading to determine whether Sanchez alleged such a claim against Roberts.

Under Texas's standards of notice pleading, a pleading should contain "a short statement of the cause of action sufficient to give fair notice of the claim involved . . . ." TEX. R. CIV. P. 47(a). The "fair notice" standard is satisfied if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). A court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. *See Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982).

4

At the time the summary judgment was granted, Sanchez's last-filed pleading was her Sixth Amended Petition Incident to Probate, filed July 8, 2016. In her brief before this Court, Sanchez claims, "Plaintiffs allege facts sufficient to provide notice of their products liability theory of recovery and the corresponding elements of the cause of action in paragraph IV of the sixth amended petition." Paragraph IV recites that Anthony Sanchez was in the course and scope of his employment when the vehicle crashed. It continues, in full:

> The vehicle operated by SANCHEZ was owned by Defendant [Roberts] and had been customized, modified, and sold, and/or leased by [Roberts]. The seat belt which should have restrained SANCHEZ failed catastrophically and caused SANCHEZ to be ejected from the vehicle. Sanchez died of his injuries resulting from the ejection from the vehicle. Plaintiff sues Defendants for creating the condition by which the seat belt failed and causing the death of SANCHEZ.

The following paragraph recites, "At the time and on the occasion in question, Defendants were negligent of various acts and omissions, which negligence was the proximate cause of the occurrence in question, or the injuries and ultimate death of SANCHEZ." The allegations against Roberts in Sanchez's sixth amended petition mirror those set forth in Sanchez's original petition.

Though similar, products liability and negligence actions differ in their focus: products liability focuses on the product, while negligence focuses on the conduct of the supplier. *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 181 (Tex. 2004). Product liability imposes strict liability on the manufacturer of an unreasonably dangerous product that is a producing cause of a plaintiff's injuries. *See Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996). We note that the focus of Sanchez's

5

allegations is on Roberts's negligent actions and omissions, i.e., the conduct responsible for "creating the condition by which the seat belt failed." There is no allegation that the seat belt was inherently defective, unreasonably dangerous, or presented an unreasonable risk of harm.

In comparison, Sanchez's sixth amended petition contains the following allegation against Defendant Navistar, Inc.:

> Defendant NAVISTAR, INC., is the manufacturer of the vehicle made the basis of this suit. At the time the vehicle was placed in the stream of commerce it had a seat belt which was defective. By placing a vehicle with a defect into the stream of commerce Defendant NAVISTAR, INC. is strictly liable.

Nearly-identical complaints were alleged against defendants Hornling Industrial, Inc. (the manufacturer of the seat belt mechanism), and Shield Restraint Systems, Inc., and Amsafe, Inc. (the manufacturers of the seat belt webbing). Unlike the claims made against Roberts, these claims clearly refer to an allegedly defective product, placed into the stream of commerce, for which the defendant is "strictly liable."

The general rule that a plaintiff's petition should be construed broadly is qualified by the corollary requirement that a pleading may fail to give fair notice if its allegations may mislead the opponent concerning the theory upon which the pleader purposes to rely. *City of Houston v. Howard*, 786 S.W.2d 391, 393 (Tex. App.—Houston [14th Dist.] 1990, writ denied). By expressly asserting strict products liability claims against the four other defendants but not against Roberts, Sanchez's pleadings do not provide Roberts with adequate and fair notice that Sanchez intended to allege a cause of action for strict products liability against it.

6

We conclude that the trial court's order disposes of all Sanchez's claims alleged against Roberts.  Sanchez's first sub-issue is overruled.

Evidence in Support of Negligence Claim

In her second sub-issue, Sanchez asserts that the court erred in granting summary judgment because she brought forth more than a scintilla of evidence to raise a genuine issue of material fact on her negligence claim.  A no-evidence summary judgment is reviewed under the same legal sufficiency standard of review that is applied when reviewing a directed verdict.  *See RTLC AG Prods., Inc. v. Treatment Equip. Co.*, 195 S.W.3d 824, 829 (Tex. App.—Dallas 2006, no pet.).  Under this standard, a reviewing court must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented.  *Id.*  Appellate courts review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions.  *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam).  We review all of the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered and disregard all contrary evidence and inferences.  *See Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).  A no-evidence summary judgment is improper if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact.  *See RTLC AG Prods., Inc.*, 195 S.W.3d at 829.  More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."  *Merrell Dow Pharms.*, 953 S.W.2d at 711.

The elements of actionable negligence are a duty owed to one party from another, a breach of that duty, and damages proximately caused by the breach of that duty. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). The no-evidence motion for summary judgment filed by Roberts addressed all three elements. Because the trial court's order does not specify the grounds for its summary judgment, we will affirm the summary judgment if any of the grounds presented to the trial court and preserved for appellate review are meritorious. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996).

In her response to Roberts's motion for summary judgment, Sanchez argued, "The Roberts Defendants have moved for no-evidence summary judgment on eleven (11) issues. These eleven issues center on elements of Duty and Causation." Sanchez then proceeds to point to evidence showing the existence of a duty and evidence of a causal connection between Roberts's alleged negligence and Sanchez's damages. However, Sanchez did not address the element of breach in her response. Roberts clearly raised this issue in its motion, alleging in its ninth point that there is no evidence "[t]hat defendant breached any duty owed to Anthony Sanchez or the plaintiffs."

A trial court must grant a no-evidence summary judgment unless the non-movant points out evidence raising a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i). On appeal, Sanchez argues that the breach issue was addressed clearly and substantially in her argument. She maintains that her expert's report and affidavit show that Roberts's "failure to maintain the vehicle as obligated to under their lease and internal company policies gave rise to the injuries of Mr. Sanchez." Sanchez's expert opined, "Had the seat belt in the truck been properly maintained and replaced, the degraded

8

condition of the seat belt webbing would not have played a factor in injuries to the Deceased as the webbing would not have ruptured or broken during the roll over [sic] accident."

Certainly, Sanchez produced evidence that, pursuant to the terms of the lease, Roberts had a duty to maintain the truck in question. Additionally, Sanchez produced evidence that Roberts had protocols for vehicle inspection that included checking seat belts for damage and replacing seat belts if damage or degradation was found. Sanchez then points to her expert's report, which concluded that since post-accident testing showed the webbing of the seat belt was compromised and indicated some chemical exposure, Roberts must have failed to discover a problem with the seat belt during a routine maintenance visit and accordingly failed to replace the seat belt.

What Sanchez's theory lacks is the factual particular that would provide a link connecting evidence of the seat belt's condition after the accident with evidence of Roberts's liability. That is, Sanchez asserts that Roberts failed to properly maintain the seat belt, but she does not provide evidence of what maintenance was required but uncompleted. For example, Sanchez has not presented evidence that the seat belt should have been inspected by Roberts at a certain time but was not. Sanchez has not pointed to evidence that the seat belt was in a defective condition before the accident, during a period that it should have been detected or repaired by Roberts as part of its obligation to provide routine maintenance to the vehicle. Sanchez's expert assumes that the seat belt's "signs of chemical exposure" would have been visually evident before the accident. He further assumes that Sanchez's vehicle would have had a routine maintenance visit at some time when these "signs" were visible. However, without

evidence that Roberts was obligated to inspect the seat belt at a certain time and failed to do so, or evidence showing that Roberts did inspect the seat belt and failed to detect a problem it should have detected, there is no factual basis for concluding that Roberts breached a duty to discover and replace the allegedly damaged seat belt. At most, the fact that the seat belt was found to be compromised after the accident creates a "mere surmise or suspicion" that Roberts negligently performed its duties. Facts that create a mere surmise or suspicion are, in legal effect, no evidence. *Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179, 183 (Tex. 1995).

Our careful review of Sanchez's response leads us to conclude that Sanchez has failed to meet her burden of producing more than a scintilla of evidence to show that Roberts breached any duty. Consequently, the judgment on Sanchez's negligence claim must be affirmed on this ground.

## Conclusion

We affirm the trial court's judgment.

Judy C. Parker
Justice

Quinn, C.J., concurring.