**Order entered January 10, 2020**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00026-CR

**HAXAN WALDELL PALMER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-58280-T**

## ORDER

On October 4, 2019, after a jury convicted appellant of compelling prostitution of a child under eighteen years of age, the trial judge assessed punishment at seven years in prison. Appellant filed a timely notice of appeal dated November 1, 2019 that was forwarded to this Court on January 8, 2020.

If the trial court has appointed counsel based on appellant's affidavit of indigency, we **ORDER** the trial court to transmit to this Court appointed counsel's name, State Bar number, and contact information within **THIRTY DAYS** of the date of this order.

If the trial court has not yet appointed counsel, we **ORDER** the trial court to conduct a hearing to determine whether appellant is entitled to court-appointed counsel in this appeal. If the trial court finds that appellant is entitled to court-appointed counsel, we **ORDER** the trial court

to appoint an attorney to represent appellant in the appeal. If the trial court finds that appellant is not entitled to court-appointed counsel, the trial court shall determine whether appellant will retain counsel to represent him in the appeal and, if so, the name, State Bar number, and contact information for retained counsel. We **ORDER** the trial court to transmit a record of the hearing, including findings of fact, any orders, and any supporting documentation, to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Lela Mays, Presiding Judge, 283rd Judicial District Court and the Dallas County District Attorney's Office.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal will be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.[1]

/s/     CORY L. CARLYLE
        JUSTICE

---

[1] In any event, the record appears to include appellant's waiver of the right to appeal. Counsel for appellant (or, if appellant is not entitled to counsel and has not retained counsel, appellant) and the State should be prepared to address this circumstance. *See Price v. State*, 67 S.W.3d 512, 513 (Tex. App.—Dallas 2002, no pet.).